**Robert WARD, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

No. 9955.

United States Court of Appeals Fourth Circuit.

Argued June 29, 1965.

Decided July 2, 1965.

Albert J. Lilly, Jr., Richmond, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and THOMSEN, District Judge.

THOMSEN, District Judge.

Petitioner (Ward), was convicted of second degree murder in the Hustings Court for the City of Petersburg in 1960, and was sentenced to a term of twenty years. He filed a petition for a writ of habeas corpus in the District Court, which was denied after a hearing at which Ward was represented by his present court-appointed counsel. The appeal from that order raises two points: (1) whether Ward's constitutional rights were infringed by the admission in evidence at his trial of a confession obtained from him when he was not represented by counsel; and (2) whether his preliminary hearing before a magistrate was defective.

On the first point the District Judge made the following findings of fact, which are supported by evidence and are not clearly erroneous:

"* * * Ward was arrested on October the 8th, 1960 about 4:00

o'clock in the afternoon. It was he who stopped the police and advised them of the difficulty that lead to his later conviction. After the police ascertained that a man had been killed and another man had been cut, warrants were obtained and these warrants were read to Ward at the police headquarters. He was advised that he was charged with murder and that he was also charged with maiming. He indicated at that time that he wished to tell the police what happened. Before the police took any statement from Ward they advised him that he didn't have to say anything and that anything that was said by him could be used against him. He was also advised by the police sergeant that he had a right to get a lawyer. The police sergeant never advised Ward that making a statement would help him or that he should make a statement because it would be helpful to him or gave him any advice along that line. Ward is illiterate. He can sign his name. He had about three years of education. He can't read. The statement was read to him before it was signed. Ward did not make any complaint to his court-appointed attorney concerning the manner in which the statement was obtained. Although the statement is dated October 9, 1960, it was actually made October 8, 1960 or shortly after the warrants were served upon him. Ward was given a preliminary hearing with counsel of his own selection on October 12th, 1960. At that time the case was sent to the grand jury. * * * "

■ Petitioner relies primarily on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), but we agree with the District Judge that under the facts set out above, Escobedo does not require a ruling that the obtaining of the confession or its admission in evidence deprived Ward of any constitutional right.

■ On the second point, Ward's complaint is that the preliminary hearing was not a hearing on the charge of murder, of which he was later convicted, but on a charge of manslaughter, and he bases that conclusion on the language of the warrant which says in pertinent part that Ward "did feloniously kill and slay with a knife, Cleveland Brouder, against the peace and dignity of the Commonwealth," and he cites Virginia Code Ann. § 19.1–166 (1950), which provides that an indictment for manslaughter will be sufficient if it uses the words "kill and slay," while an indictment for murder is sufficient if it uses the words "kill and murder."

The District Judge found that, at the preliminary hearing, Ward was apprised of the fact that he was being charged with homicide for the killing of Brouder. The Judge added:

"There is no requirement in Virginia that a warrant have the same particularity of an indictment; moreover, the warrant, the preliminary hearing in Virginia is a procedural and not a jurisdictional matter. Snyder v. Commonwealth, 202 Va. 1009, 121 S.E.2d 452, 456 (1961), Reed v. Cunningham, order number 9123 4th Circuit, August 21, 1963. In Virginia the preliminary hearing is not a critical stage of the judicial process. The situation is somewhat similar to that found in DeToro v. Peppersack (sic), 332 F. 2d 341 (4th Cir. 1964)."

We agree that no constitutional right of petitioner was denied by the difference between the language of the warrant upon which the preliminary hearing was held and the language of the indictment upon which he was convicted.

Affirmed.