Ernest M. VESS, Appellant,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.

No. 10017.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1965.

Decided Oct. 28, 1965.

Henry H. McVey, III, Richmond, Va. (Court-assigned counsel) [Battle, Neal, Harris, Minor & Williams, Richmond, Va., on brief], for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and MARTIN, District Judge.

### PER CURIAM.

Upon his plea of guilty, Ernest M. Vess was convicted on May 21, 1962 in the Circuit Court of Roanoke County, Virginia, of the first-degree murder of his wife, December 1, 1961, and sentenced to life imprisonment. Exhausting his remedies in the State courts without success, he petitioned the District Court for release through habeas corpus.

The grounds of his petition are that his conviction is a nullity because he did not have the assistance of counsel at a critical stage of the proceedings, i. e. the preliminary hearing, and did not have adequate representation of counsel in the State court trial, as guaranteed by the due process clause of the Fourteenth Amendment. More particularly, the latter grievance is that his counsel did not interview and call as witnesses persons whose names the petitioner had furnished and who were competent and willing to testify to the provocation of Vess to commit the homicide. In addition, Vess alleges in his brief submitted to this court that his guilty plea was contrary to his own desires, and was actually coerced by his sister and court-appointed counsel, now suggesting that he was willing to plead guilty to a lesser degree of homicide but not to first-degree murder as the indictment alleged.

These charges were laid before and explored by the State court in an earlier application for remedial habeas corpus, and the writ was discharged. On review of the transcripts of the record of that proceeding and of the trial, the District Judge found the allegations unsubstantiated and dismissed the petition.

On Vess' appeal we affirm. As noted by the District Judge, the preliminary hearing in Virginia is not a critical stage of the proceedings, and Vess was not prejudiced by the absence of counsel at this point since no substantive rights were forfeited. Ward v. Peyton, 349 F.2d 359 (4 Cir. 1965); DeToro v. Pepersack, 332 F.2d 341 (4 Cir. 1964); see Snyder v. Commonwealth, 202 Va. 1009, 121 S.E.2d 452 (1961).

The District Judge's findings on the petitioner's second ground are well supported in the record. His trial attorney did in fact interview some of the witnesses named by the petitioner, and his failure to call them and to interview and call the others was justifiably based on his opinion that the testimony, which the petitioner said they would give, would not have shown legal provocation sufficient to reduce the homicide below first-degree murder.

The record also discloses that Vess' guilty plea to the indictment was voluntarily, understandingly and freely tendered, and cautiously and advisedly accepted. Thereafter only the quantum of the punishment was open for inquiry and the State court quite thoroughly pursued this inquiry.

There appears to be no basis for Vess' contention that he was denied adequate representation of counsel. The order of dismissal will be sustained.

Affirmed.