Counsel will submit an order carrying into effect the determinations of the Court as to each of the nine motions.

Douglas **MILLER**, Petitioner,

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 66–C–107–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Jan. 10, 1967.

---

No appearance for petitioner.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

■ This case comes before the court upon a petition for a writ of habeas corpus by Douglas Miller, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on October 26, 1966. Then by order of this court on November 9, 1966 the petition was dismissed without prejudice because no showing had been made that the petitioner had exhausted his available state remedies as required by 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963). Now petitioner comes making a showing that he has exhausted all available state remedies. The record shows that following his conviction in the Wythe County Circuit Court on July 22, 1963 he did not appeal. Thus that mode of state remedy is no longer available to petitioner. However on June 7, 1965 the Virginia Supreme Court of Appeals issued a writ of habeas corpus to the petitioner upon his direct petition to the high court and made it returnable before the Wythe County Circuit Court where the alleged erroneous trial took place.[1] Following a plenary hearing in the Wythe Court, Judge A. M. Harman, Jr., rendered a memorandum opinion which dismissed the petition and denied the writ on November 22, 1965. Subsequently, on October 7, 1966, the Supreme Court of Appeals of Virginia

---

1. The Supreme Court of Appeals issued this writ pursuant to Virginia Code 1960 replacement volume § 17–97 and Virginia Code 1957 replacement volume § 8–598 as amended in 1958.

denied a writ of error to the aforesaid judgment. Therefore the case is now properly before this United States District Court.

Petitioner is now serving a term of ten (10) years, six (6) years of which were suspended, imposed upon him by the Circuit Court of the City of Richmond on September 23, 1964, for being three times convicted of felonies. The conviction which he attacks via this petition is his third felony conviction wherein he was found guilty of breaking and entering. He contends that if his conviction on this third felony is set aside by this court, then his ten (10) year recidivist sentence for a third conviction would fall and he would be entitled to immediate release.

The allegations which petitioner says entitle him to a writ of habeas corpus are as follows:

(1) The petitioner, prior to making an oral statement which was reduced to writing on July 1, 1963, was not advised of his right to consult with an attorney, or of his constitutional right to remain silent.

(2) The petitioner was not represented by counsel at his preliminary hearing on July 5, 1963, before the County Court of Wythe County.

(3) The petitioner waived indictment on July 15, 1963, without the benefit of counsel.

(4) There was ineffective representation by counsel at his trial.

The record reveals the following basic uncontested facts. On June 28, 1963 the petitioner, while serving a jail sentence for a misdemeanor and assigned to the state convict camp in Smyth County, escaped from custody only to be captured the following day at the home of a relative. He was taken to State Convict Camp Number One in Pulaski County by Captain G. A. Reynolds and a deputy sheriff of Pulaski County. He was not questioned until July 1, 1963 when he was questioned by Captain Reynolds in the presence of Deputy Sheriff Manuel of Wythe County, Deputy Sheriff

Quesenberry of Pulaski County and two of the guards assigned to Camp Number One. Petitioner was told on July 1, 1963 that certain items of clothing which were in his possession at the time he was captured had been identified as belonging to one Alton Howard and the petitioner would therefore be charged with breaking and entering the Howard home where the clothing had been. Soon after petitioner made an oral statement which was reduced to writing and was witnessed by Reynolds, Manuel and Quesenberry.

A warrant was issued in Wythe County on June 29, 1963, charging petitioner with breaking and entering the Howard home with the intent to commit larceny. A preliminary hearing was held on the warrant on July 5, 1963, in the Wythe County Court. Petitioner was not represented by counsel at this hearing. The county judge found probable cause and certified the petitioner for indictment. Petitioner signed a waiver of indictment and was tried on an information filed by the Commonwealth's Attorney of Wythe County. On July 15, 1963, prior to trial, W. P. Parsons was appointed to represent petitioner. Petitioner was arraigned on the same day and a plea of guilty was tendered in person and accepted and the matter was set for hearing on July 22. This was done after the court explained to the petitioner his right to a trial by jury and the effect of a plea of guilty. On July 22 the court again advised petitioner of his right to a trial by jury and of the effect of a plea of guilty. It then heard the evidence in the matter, found petitioner guilty and fixed his punishment at a term of three (3) years in the State Penitentiary.

■ This court having studied the record is satisfied that the record is an adequate basis on which to make a decision. Therefore there is no need for a plenary hearing.

■ Petitioner's allegations are here addressed. First he maintains that prior to making an oral statement which was reduced to writing on July 1, 1963, he was not advised of his right to consult with an attorney or of his constitutional

right to remain silent. The facts are clear that petitioner was not advised of his right to an attorney while the questioning was proceeding at Camp Number One. The facts are also clear that petitioner did not ask for the opportunity to consult an attorney. The Supreme Court of the United States did not make it incumbent upon investigating officers to advise a suspect whom they were questioning of his right to consult with an attorney, either private or court-appointed if need be, until Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 in 1966. This advice, said the *Miranda* court, has to be given *even where the suspect has not asked for an attorney.* *Miranda* was an extension of the rule set out in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), which stated that after the process has shifted from investigatory to accusatory the questioning officers must permit the suspect to consult with an attorney *if he requests one* and furthermore he must be advised of his right to remain silent. The testimony in the instant case shows that petitioner *had not asked* to see a lawyer. The petitioner is precluded, however, from relying on the *Miranda* decision because the Supreme Court in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), held that the *Miranda* guidelines were not to be applied retroactively and in fact are available only to persons whose trials began after June 13, 1966. Petitioner's trial was July 22, *1963.*

We know of no law which required the officers in this case in 1963 to advise the petitioner of his right to consult with an attorney. The Supreme Court has specifically stated that the *Miranda* guidelines were not applicable then. Thus the confession was not objectionable evidence on this alleged ground. As pointed out below, the significant test for the admissibility was, in July 1963, the voluntariness test.

■■■ It is alleged further that petitioner was not told of his right to remain silent. This infraction came, he alleges,

at a time when the proceedings were at the accusatory stage. Thus he relies on Escobedo v. State of Illinois, supra, which requires advice by the officers to the suspect of his right to remain silent during questions in the accusatory stage. But since the time that the petitioner relied thusly on *Escobedo* in his argument, by counsel, at the state circuit court habeas corpus hearing and before the Supreme Court of Appeals on a petition for a writ of error, the United States Supreme Court has ruled that *Escobedo,* as well as *Miranda,* is not to be applied retroactively. It said this in Johnson v. State of New Jersey, supra, 384 U.S. p. 734, 86 S.Ct. p. 1781, when it held that the holding in *Escobedo* is "available only to persons whose trials began after June 22, 1964". Therefore, since we cannot look to the *Escobedo* guidelines, we must turn to the test which was employed before *Escobedo* or *Miranda* and specifically, at the time of petitioner's interrogation, namely, the test of voluntariness. As the Supreme Court said in Johnson v. State of New Jersey, supra, 384 p. 732, 86 S.Ct. p. 1780,

[f]uture defendants will benefit fully from our new standards governing in-custody interrogation, while past defendants may still avail themselves of the voluntariness test.

■ On the issue of the voluntariness of the confession the record shows that at the Wythe County Circuit Court habeas corpus hearing Captain Glenn Arnold Reynolds, who was the chief questioner, testified at page 16 of the record as follows:

* * * I advised him of his rights. I told him at this time that he had been charged, that he didn't have to tell me anything, but if he cared to, I would be glad to write it down, but whatever he told me might be used for or against him. I typed it into his statement. *I read it to him. I let him read it.* I asked him if that is what he wanted to sign and *he said it was.* He signed it, Mr. Manuel and Mr. Quisenberry [sic] and I all witnessed it. (emphasis added)

This testimony is supported by officers Quesenberry and Manuel. The confession which the petitioner signed as his statement says in pertinent part:

[t]his is to certify that I, Douglas Fitzpatrick Miller, after having been advised of my constitutional rights * * * offer the following statement of my own free will and accord, without being threatened in any way, or offered anything of whatever nature. * * * I thoroughly understand that the above information may be used in Court for or against me. * * *

The record nowhere shows any complaint by petitioner about the content of this statement at any stage. Thus we will presume that it states accurate facts. We are, from this statement and from the testimony of the officers, therefore persuaded that the confession was made voluntarily and was admissible evidence at petitioner's trial.

■ Second, petitioner alleges that he was denied his Sixth Amendment right to assistance of counsel, as espoused in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, when he was subjected to a preliminary hearing without assistance of counsel. However, in Virginia the preliminary hearing is not a critical stage of the proceedings and a petitioner's constitutional right to counsel is not abridged because he was not represented by counsel at a state preliminary hearing unless some substantive rights were forfeited. Vess v. Peyton, 352 F.2d 325 (Fourth Circuit, 1965). Additionally,

* * * if the effectiveness of legal assistance ultimately furnished an accused is likely to be prejudiced by its prior denial, the earlier period may be deemed a critical stage in the judicial process and a conviction obtained in such circumstances is rendered invalid.

DeToro v. Pepersack, 4 Cir., 332 F.2d 341 (1964).

■ We are aware of no substantive rights of the petitioner which were forfeited at the preliminary hearing. We are aware of nothing which transpired at the preliminary hearing which hampered the effectiveness of legal counsel ultimately furnished. Therefore petitioner is entitled to no relief in this contention.

■ As his third major contention, the petitioner alleges that he was prejudiced because he was persuaded to waive indictment by a grand jury without the benefit of counsel. "There is no constitutional requirement in Virginia that prosecutions for felony be by indictment. The requirement is only statutory and may be waived." Bailey v. Commonwealth, 193 Va. 814, 71 S.E.2d 368, 372 (1952). The record shows nothing to indicate that petitioner was prejudiced by the waiver of indictment by the grand jury. The most a lawyer could have done for him would have been to advise him not to sign the waiver. Then the case would have gone to the grand jury. Evidence strong enough to result in his conviction at trial would certainly have resulted in indictment by the grand jury. Thus the petitioner fails on this allegation to carry the burden of proof and show that he was prejudiced.

■ Lastly, the petitioner alleges that he was not effectively represented by counsel at trial. When the court-appointed attorney, W. P. Parsons, entered this case on July 15, 1963 he found that the petitioner had already signed a confession and the petitioner told him freely that he was guilty. The attorney conferred with the petitioner and with the Commonwealth's Attorney, learning from the latter that he would recommend a three-year sentence and that the judge had indicated that he would follow the recommendation. This was a very positive action on petitioner's behalf by Mr. Parsons. The defense attorney, having served before that time as Commonwealth's Attorney, was familiar with what was a reasonable punishment for a crime like this which carried up to a twenty-year sentence. He could have objected to the admission of the confession, but we must presume that he made a professional judgment from talking to

the petitioner and the officers who witnessed the confession and concluded that the confession was voluntary and that petitioner had been duly advised of his right to remain silent. This conclusion is the same as the one drawn by this court after studying the record.

An additional factor which negatives the existence of ineffective counsel is the time element. Petitioner relies on Whitley v. Cunningham, 205 Va. 251, 135 S.E.2d 823 (1964), as authority for the proposition that his court-appointed counsel was not appointed soon enough to be of any effective assistance at trial. In the *Whitley* case, an attorney was appointed to defend a man with ten indictments as to robbery and grand larceny. The attorney conferred with the defendant for an hour or less and then proceeded to trial that same day. There were some guilty and some not guilty pleas. The court held that the attorney should have asked for more time to prepare himself. An hour, felt the court, was hardly enough to read all the indictments and confessions and certainly not enough to go into the elements of each legally complex charge to see if there were a defense available. Thus this was held to be ineffective assistance of counsel. But in the instant petition the record shows that counsel had adequate time to prepare before the trial date on July 22, 1963. By order of July 15, 1963 the Circuit Court Judge noted that attorney Parsons had that day been appointed to represent the petitioner. He goes on to note that after petitioner had a consultation with his attorney, he stated that he was ready to be tried that day. Then after being advised by the court of the nature of the offense, the punishment provided therefor and his right to a trial by jury, the accused, after further consultation with his attorney, entered a plea of guilty. The plea was accepted by the court but the case was continued until July 22, 1963, seven days later, at which time the court instructed the accused that it would hear the evidence, fix punishment and impose sentence. Then on July 22, 1963 the record shows that the court again advised the accused as mentioned above and when the court was satisfied that the accused fully understood the nature and effect of his plea of guilty and after further consultation of the accused with his attorney, the court proceeded to hear and determine the case without the intervention of a jury, a trial by jury having been waived. Petitioner was at this time found guilty of breaking and entering. The record shows therefore that the petitioner had several opportunities to consult in open court with his attorney. Also, there was a time period between July 15 and July 22, 1963, in which the attorney could have consulted with the petitioner and the officers as he said he did on direct examination at the state habeas corpus hearing.

Petitioner complains that he would not have entered a guilty plea if he had known that he would also get additional time under the recidivist statute. He did not, however, tell his attorney that he had been before convicted of a felony.

Petitioner did not ask his court-appointed attorney to appeal the case. He never complained to him about the representation. The first Mr. Parsons knew of the matter was when the habeas corpus petition was filed alleging ineffective representation among several other grounds. We feel that the record shows petitioner was quite adequately represented by an able, experienced attorney.

Therefore the petitioner has failed to carry the burden of proof on each of his allegations. Accordingly, it is adjudged and ordered that the petition for a writ of habeas corpus will be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.