William R. FOWLER, Jr., Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 67-C-10.

United States District Court
W. D. Virginia,
Danville Division.

April 19, 1967.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

No counsel for petitioner.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by William R. Fowler, Jr., a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*.

Petitioner is currently serving a term of twenty years in the Virginia State Penitentiary following his conviction for robbery in the Corporation Court of the City of Danville on January 23, 1965. A writ of error to this conviction was refused by the Virginia Supreme Court on October 14, 1965. Petitioner subsequently sought state habeas corpus relief which was denied in a plenary hearing before the Corporation Court of the City of Danville on June 10, 1966. The Virginia Supreme Court refused a writ of error to this judgment on January 13, 1967. Petitioner is properly before this court, having exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

In substance, the allegations which petitioner says entitle him to a writ of habeas corpus are as follows:

(1) The petitioner, prior to making an oral statement which was reduced to writing and admitted into evidence against him at his trial, was not advised of his right to consult with counsel, or of his constitutional right to remain silent.

(2) Petitioner was denied the equal protection and due process of law because he was mentally ill, or mentally incompetent at the time of the commission of the crime for which he was convicted, and at the time petitioner made certain oral statements to arresting officers.

(3) Petitioner was not effectively represented by counsel.

(4) Petitioner was not represented by counsel at his preliminary hearing before the Corporation Court of the City of Danville.

The transcripts of petitioner's trial and state habeas corpus proceedings disclose the following facts:

On May 12, 1964, two police officers, responding to an alarm, arrested petitioner in the vicinity of a bank which had been robbed only minutes before. Petitioner had a pistol and a paper sack containing a substantial sum of money in his possession at the time of his arrest, which was executed without incident. The arresting officers immediately placed petitioner in a police car and drove him directly to the police station. Peti-

tioner made spontaneous, detailed, and incriminating statements regarding the robbery for which he had been arrested, during the short ride to the police station. Neither officer asked him any questions, nor advised petitioner of any rights relating to silence or counsel. Petitioner was advised by the arresting officers, upon their arrival at the police station, that he had a right to counsel, and that anything he said could be used against him at trial. Petitioner did not indicate he desired the assistance of counsel, or that he wished to communicate with anyone. A statement was prepared incorporating the remarks petitioner had made to the arresting officers during the course of the ride from the scene of arrest to the police station. The statement was read to petitioner, notarized, and signed by petitioner and the arresting officers. The statement was admitted into evidence at petitioner's trial.

Petitioner was not represented by counsel at his preliminary hearing on May 15, 1964.

The trial of petitioner was to have taken place on July 27, 1964, but by order of July 29, 1964, the Corporation Court was of the opinion that petitioner should be committed to the Department of the Criminal Insane pursuant to statute. The physician who attended petitioner at Central State Hospital, Petersburg, Virginia, found petitioner competent to stand trial after approximately three months of observation and treatment in that institution. Petitioner was returned to the jurisdiction of the court on November 18, 1964, tried by jury on January 18 and 19, 1965, and convicted; final judgment being entered on January 23, 1965, after the court denied petitioner's motion for a sanity hearing.

■ This court has examined the record and is not persuaded that any of petitioner's constitutional rights were thwarted as he alleges in his first contention. The United States Supreme Court, in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), has made it compulsory upon investigating officers to apprise a suspect whom they are questioning of his right to counsel, whether or not the suspect has asked for such assistance. The guidelines of *Miranda* have evolved from those guidelines set out by the Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), which are formulated by that court as follows:

> [W]here * * * the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'The Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and that no statement elicited by the police during the interrogation may be used against him at a criminal trial.

*Miranda* and *Escobedo* are available only to persons whose trials began after June 13, 1966, and June 22, 1964, respectively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Petitioner's trial began after June 22, 1964, but before June 13, 1966, therefore restraining this court from applying the *Miranda* guidelines to petitioner's claim, but permitting the application of the *Escobedo* guidelines.

■ The *Johnson* court analyzes *Escobedo* as a further safeguard against the production of unreliable statements in all instances of interrogation because it encompasses situations, " * * * in which the danger is not necessarily as great as when the accused is subjected to overt and obvious coercion". *Johnson*, supra at p. 1779. Viewing petitioner's

record as a whole, this court is not convinced that the circumstances surrounding petitioner's confession bring it to the threshold of *Escobedo*. The arresting officers did not attempt to solicit information by coercion, or any other means. The record indicates that petitioner was a person of normal intelligence who candidly described the mechanics of a crime for which he was later convicted on the basis of a statement he signed a half-hour after the act, in the absence of any improper inducement.

Petitioner persistently alleges a due process violation owing to a mental illness, or mental incompetency at the time of the commission of the crime for which he was later convicted, and at the time of his declarations to the arresting officers which were later admitted into evidence against him. In answering this claim, this court will also dispose of petitioner's contention that he was denied effective assistance of counsel at his trial.

█ No new evidence relating to the state of petitioner's mind at the time of the commission of the crime for which he was convicted has been put before this court. The trial record indicates that petitioner had ample opportunity to advance the defense of insanity at his trial. Various witnesses called on his behalf testified as to petitioner's mannerisms and behavior. The trial court seems to have given the defense considerable latitude by granting instructions on insanity when there was little testimony to support these instructions. The record of petitioner's state habeas corpus proceeding also persuades this court that petitioner was given the able and effective assistance of counsel at his trial. The only tenable theory petitioner can advance respecting ineffective assistance of trial counsel is that they were remiss.

in not pressing the defense of insanity. It appears, however, from the testimony of trial counsel at the state habeas corpus hearing that counsel did not think it advisable to place petitioner upon the witness stand because counsel thought petitioner would present an understanding and deportment inconsistent with the defense they were relying on. Also, counsel for petitioner chose not to address the witnesses for the defense on the question of petitioner's knowledge of right and wrong because counsel had, prior to trial, interviewed these witnesses and ascertained they would give either unfavorable, or noncommittal responses to the inquiry. It cannot be said that petitioner was denied effective assistance of counsel because counsel were unsuccessful in raising a defense the jury decided was intractable.

█ Petitioner's last contention is that he was denied his right to effective assistance of counsel in violation of the Sixth Amendment when he was subjected to a preliminary hearing without the aid of counsel. A preliminary hearing is not a critical stage in Virginia criminal proceedings. An accused's right to the assistance of counsel is not abridged unless there be some showing of impairment to substantive rights. This court is not aware of any forfeiture of petitioner's substantive rights owing to the absence of counsel at this stage of the proceedings. See Vess v. Peyton, 352 F.2d 327 (4th Cir. 1965); Ward v. Peyton, 349 F.2d 359 (4th Cir. 1965); DeToro v. Pepersack, 332 F.2d 341 (4th Cir. 1964).

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and the same is hereby denied. A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.