## Richmond

FRED DOUGLAS VIA v. C. C. PEYTON, SUPERINTENDENT, ETC.

December 4, 1967.

Record No. 6500.

Present, Eggleston, C.J., and Buchanan, Snead, I'Anson and Gordon, JJ.

*Benjamin P. Kushner* for plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

SNEAD, J., delivered the opinion of the court.

This is an appeal from an order of the Corporation Court of Danville, wherein a petition for a writ of *habeas corpus ad subjiciendum* filed by Fred Douglas Via, petitioner, against C. C. Peyton, Superintendent of the Virginia State Penitentiary, respondent, was denied.

The petitioner was being detained by respondent pursuant to judgment orders of that court entered March 21 and 27, 1964, whereby he was sentenced to serve a term of twenty years in the State penitentiary upon a conviction of murder in the second degree. Initially Via filed in this court his petition for a writ of *habeas corpus*. We awarded him a writ returnable to the Corporation Court of Danville for a hearing and a determination of the matters set forth in his petition. The petitioner alleged several grounds for relief and claimed in each that his constitutional rights were violated during his trial. Following a plenary hearing, the court below denied the petition. We granted petitioner a writ of error.

The petitioner contends on this appeal that he has been illegally deprived of his constitutional rights because (1) he was not afforded counsel at his preliminary hearing, and (2) his court-appointed counsel failed to perfect an appeal to this court.

On January 18, 1964, petitioner was arrested on a warrant charging him with the murder of Reynolds Graves. On February 4 a preliminary hearing was had before the Municipal Court of Danville, and the case was certified to the grand jury. Via was not represented by counsel at this hearing. At the March 1964 term of the grand jury, a true bill was returned on an indictment charging him with murder. Thereafter, Theodore P. Huggins was appointed to defend Via on the charge.

At the trial, which commenced on March 20, Via pleaded not guilty. The jury found him guilty of murder in the second degree. After overruling Via's motion to set aside the verdict as being contrary to the law and evidence, the court entered judgment on the verdict.

[1] Petitioner first contends that he was denied due process of law under both the Federal and State Constitutions because no counsel was appointed to defend him at his preliminary hearing and he was not at that time advised of his right to the aid of counsel. We find this contention to be without merit.

As has been said, petitioner was not represented by counsel when he was brought before the Municipal Court of the City of Danville for a preliminary hearing on February 4, 1964. At that time, then Code § 19.1-241 provided:

"Appointment of defense counsel in felony cases.—In any case in which a person is charged with a felony and is not represented by counsel, the court, before accepting the plea of such person, shall by

order entered of record appoint an attorney at law to represent him." [1]

This court has held that a preliminary hearing is not a trial in its ordinary sense and its primary purpose "is to ascertain whether there is reasonable ground to believe that a crime has been committed and the person charged is the one who has committed it * * *." *Webb* v. *Commonwealth*, 204 Va. 24, 31, 129 S.E.2d 22, 28. A preliminary hearing is merely procedural and not jurisdictional. *Snyder* v. *Commonwealth*, 202 Va. 1009, 1014, 121 S.E.2d 452, 456. At such a hearing a court is not permitted to accept a plea of an accused charged with a felony. *Peyton* v. *Ellyson*, 207 Va. 423, 428, 150 S.E.2d 104, 108.

Further, in *Vess* v. *Peyton*, 352 F.2d 325, Vess alleged, *inter alia*, in his petition for a writ of *habeas corpus* that his May 21, 1962, conviction of first degree murder was void because he did not have the assistance of counsel at his preliminary hearing as guaranteed by the due process clause of the Fourteenth Amendment. In affirming the District Court's decision dismissing the petition, the United States Circuit Court of Appeals (4 Cir.) stated in a per curiam opinion:

"* * * [T]he preliminary hearing in Virginia is not a critical stage of the proceedings, and Vess was not prejudiced by the absence of counsel at this point since no substantive rights were forfeited. *Ward* v. *Peyton*, 349 F.2d 359 (4 Cir. 1965); *DeToro* v. *Pepersack*, 332 F.2d 341 (4 Cir. 1964) * * *." 352 F.2d at p. 326.

[2] The petitioner also claims that his constitutional rights were violated because his court-appointed counsel failed to perfect an appeal to this court.

The record discloses that after the jury rendered a verdict of guilty, counsel for defendant moved that it be set aside as being contrary to the law and evidence. The motion was overruled and the court proceeded to sentence Via in accordance with the verdict. Counsel then moved the court to permit him to file in writing his

---

[1] Section 19.1-241 has been amended and recodified as § 19.1-241.1. It now provides:

"In any case in which a person is charged with a felony and appears for any hearing before any court without being represented by counsel, such court shall, before proceeding with the hearing, appoint an attorney at law to represent him and provide such person legal representation throughout every stage of proceeding against him.

"The order of appointment of counsel shall be filed with and become a part of the record of such proceeding. The attorney, so appointed shall represent the defendant at any preliminary hearing and at all other stages of the proceeding until relieved or replaced in the manner provided by law. (1964, c. 657; 1966, c. 460.)"

motion to set aside the verdict. This motion was granted and a date, two days later, was set for argument.

Counsel for defendant was then of opinion that the trial court had erroneously given two instructions. He discussed the matter with Via and Via asked Huggins to take an appeal. Thereafter, counsel for defendant, as well as his law partner, researched the points on which he thought there was a possibility of obtaining an appeal. Counsel reached the conclusion that there were no valid grounds for the motion to set aside the verdict or for an appeal. Huggins stated that "we never actually argued it [motion to set aside] officially before Judge Aiken. I thought at that time it would be superfluous."

Huggins testified:

"Q. Do you recall whether you wrote to him information concerning the disposition of the motion for a new trial?

"A. I don't recall whether I wrote him or not. I remember talking to his sister, and I think I talked to him at least once after the verdict itself. I'm not exactly sure. I know at one stage that I wrote him that I did not think he had grounds for a reversal."

Huggins further testified that after Via was sent to the penitentiary he received no correspondence from him requesting that he proceed with the appeal. However, he did receive a letter in April, 1964 from Via requesting a copy of the record so that he (Via) could file a petition for a writ of *habeas corpus*. The letter reads in part:

" 'Mr. Huggins I know I've asked you a lot since you have had my case and also you have did a very lot for me and again I want to say I appreciate and thank you very much for all you have did to help me and wish that it was some way that I could repay you for all that you have did to help me and I wouldn't trouble you at this time after all you have did to help, but you are the only one that I know can help me write now. I am going to write a writ of *habeas corpus* and have to have a copy of the Court record so if you can, would you send me a copy of it and also a copy of the Court report, and if it costs anything, tell my sister and she will pay you. * * * And thank you again very much for all you have did.' "

By letter, dated May 19, Huggins responded as follows:

"In order to get the court records you want, you should write to T. F. Tucker, Clerk, Corporation Court of Danville, Virginia. He will furnish them to you.

"Quite frankly, I do not believe a Writ of Habeas Corpus would have the slightest possibility in the world of succeeding; for I do not

know of any possible grounds for such you might have. For your sake though, I wish you luck on it."

On July 5, Via wrote a letter to Tucker, the clerk. Its exact contents are not shown in the record before us. However, Tucker's response on July 13 to the letter reads:

"This letter is in reply to your letter of July 5, 1964 requesting copies of the record of your trial. The cost of providing you with these copies of the records exclusive of the incidents of trial is $25.00. A copy of the transcript of evidence and incidents of trial is additional.

"At the conclusion of your trial the attorneys who represented you made a motion for a new trial but later decided not to complete the appeal. That is the reason you did not have a new trial."

The record contains two additional letters written to Via by Tucker. One, dated July 23, 1964, stated:

"This letter is in reply to your letter of July 16, 1964. I am sorry to inform you that it is now too late for you to note an appeal on your trial held in March, 1964.

"The only way you can get the copies of your records without costs is to file a formal plea that you are destitute and unable to pay for the copies."

The other communication was dated October 21, 1964. Tucker advised Via that he had previously informed him that his attorney did not perfect an appeal, and that in order for him to obtain a transcript, "it will be necessary for you to follow the procedures outlined in these types of cases."

It is well settled that an indigent is entitled to perfect an appeal regardless of the fact that his attorney may be of opinion that there is no basis upon which to appeal. *Cabaniss* v. *Cunningham*, 206 Va. 330, 143 S.E.2d 911; *Thacker* v. *Peyton*, 206 Va. 771, 146 S.E.2d 176; *Stokes* v. *Peyton*, 207 Va. 1, 147 S.E.2d 773; *Clark* v. *Peyton*, 207 Va. 444, 150 S.E.2d 533; *Russell* v. *Peyton*, 207 Va. 469, 150 S.E.2d 530.

In *Cabaniss* we held that an indigent defendant has the constitutional right to the assistance of counsel for his defense and that "[t]he right to defend includes the right of assistance in perfecting an appeal." 206 Va. at p. 334, 143 S.E.2d at p. 914.

Here, the evidence is undisputed that Via desired to take an appeal when the trial concluded. Huggins, his court-appointed attorney, testified that he told Via that he thought there were "two possible

grounds for appeal", and that Via "wanted to appeal". Huggins was questioned: "Did he [Via] ask you to appeal it?" The response was "I'm sure he did." After a research of the points believed to be erroneous, counsel concluded that there was no error in the trial and abandoned his motion to set aside the verdict and took no action to perfect an appeal. He said: "If I had still thought we had room for an appeal, I would have taken it."

The respondent says that Via "was informed of the results of the attorney's research and he made no further request for an appeal." Huggins did testify that "at one stage" he wrote Via that he "did not think he had grounds for a reversal." Only one letter was introduced written by Huggins and that was one in response to Via's letter requesting a copy of the record for the purpose of filing a petition for *habeas corpus*. There Huggins stated that he did not know of any possible grounds to obtain the writ. It is not shown anywhere in the record that Via was told of the disposition of the motion to set aside the verdict or that an appeal would not be taken for him until he was informed by the clerk. The only inference that Via understood an appeal would not be taken by Huggins must come from the letter he wrote to Huggins requesting a copy of the record so that he could file a petition for *habeas corpus*. An appeal was not mentioned in that letter. Via later inquired of the clerk of the court as to why he had not received a new trial. After receiving a reply that his attorney had "decided not to complete the appeal", he wrote the clerk noting an appeal, but was advised it was then too late.

The evidence falls short of showing either that Via had knowledge that Huggins had decided not to take an appeal or that he had acquiesced in such action within the time allowed to perfect an appeal. Therefore, we find that Via was denied his constitutional right to appeal.

For this reason we vacate the order of November 22, 1965, denying the petition for a writ of *habeas corpus* and remand the case to the trial court with direction to appoint counsel for Via, who shall work with the Commonwealth's attorney and prepare a narrative statement of the evidence introduced at Via's trial, unless a transcript is available, and submit it for approval and certification by the trial court within a reasonable time, not exceeding sixty days after appointment of counsel. Upon certification of the transcript or narrative of the evidence, Via's counsel shall be furnished a copy thereof and of any other relevant parts of the record, and counsel shall then prepare and

present a petition for appeal to this court, or to one of its judges, as provided by law, within sixty days after the evidence is so certified.

If a proper record cannot be prepared, then Via shall promptly be granted a new trial or be released from further custody. *Russell* v. *Peyton, supra,* 207 Va. at p. 473.

*Reversed and remanded.*