**Levi KELLY, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–11–C.**

United States District Court
W. D. Virginia,
Charlottesville Division.

Sept. 18, 1968.

---

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus filed by Levi Kelly, a state prisoner, pursuant to 28 U.S.C. § 2241 and it is filed *in forma pauperis*.

Petitioner is currently being detained in the State Farm, Northside, pursuant to a judgment of the Corporation Court of the City of Charlottesville of September 17, 1952, wherein he was convicted of the crime of burglary and sentenced to serve five years each on six separate charges. The convictions resulted after a trial without a jury, where the petitioner was represented by retained counsel, and entered pleas of not guilty. No appeal was taken from the convictions.

A plenary hearing was held on May 24, 1967, in the Corporation Court of the City of Charlottesville as a result of a petition for a writ of habeas corpus filed by the petitioner. The Corporation Court denied the writ and dismissed the petition by an order dated June 14, 1967. An appeal to the Virginia Supreme Court of Appeals resulted in the writ being denied and the petition being refused. As a result we think the petition is properly before this court in compliance with the provisions of 28 U.S.C. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The pertinent facts may be briefly stated. The petitioner was convicted of burglary on August 9, 1944, and sentenced to thirty years imprisonment. He was released on parole on June 16, 1952. The petitioner was taken into custody on August 30, 1952, by police authorities in the City of Charlottesville and charged with burglary on six separate arrest warrants. A preliminary hearing was waived. Across each arrest warrant is a typed statement which is signed by the petitioner that states that having been warned of his right to a trial of the burglary charges under an indictment he

expressly waives such right. The petitioner was represented at trial by Mr. E. C. Wingfield, an attorney retained by the petitioner's relatives. On September 17, 1952, the petitioner was tried upon the warrants by a judge without a jury. The record shows that a police officer and the six persons whose houses had been burglarized were summoned to testify at the trial. The record recites that having fully heard the evidence and having maturely considered of its judgment the court found the petitioner guilty. Other pertinent facts are set forth throughout the remainder of this opinion.

Petitioner's first claim before this court is that he signed a waiver of indictment in the jailhouse because he did not have the advice of counsel. The record reads that the waiver was signed in open court after the petitioner had been warned of his right to trial under an indictment. A third possibility appeared in the testimony at the state habeas corpus hearing when a police officer testified that the practice in 1952 was for the clerk of the court to have the defendant sign the waiver in the presence of his attorney. We do not think it necessary to unravel the testimony as to this claim. "There is no constitutional requirement in Virginia that prosecutions for felony be by indictment. The requirement is only statutory and may be waived." Bailey v. Commonwealth, 193 Va. 814, 71 S.E.2d 368, 372 (1952). Absent a showing of prejudice by the waiver of the indictment by the grand jury, petitioner is not entitled to habeas corpus relief. Miller v. Peyton, 262 F.Supp. 688 (W.D.Va. 1967). As this court reasoned in the *Miller* case, supra, the most a lawyer could have done for the petitioner would have been to advise him not to sign the waiver and then the case would have gone to the grand jury. "Evidence strong enough to result in his conviction at trial would certainly have resulted in indictment by the grand jury." Miller v. Peyton, supra, at p. 692. Having failed to show prejudice, the petitioner fails to carry the burden on this allegation.

Petitioner next contends that his confessions to the burglary charges were not voluntary and that he was not advised of his rights. Petitioner's trial occurred in 1952. The required warnings, advising petitioner of his rights, as announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) are not applicable to the present case since neither decision is retroactive. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The test, with which we are concerned, is the one employed prior to *Escobedo* and *Miranda,* the test of voluntariness. Petitioner's claim that his confessions were not voluntary is squarely met by the interrogating police officer who testified that petitioner had been advised that he could have a lawyer. The police officer also testified that the petitioner signed statements pertaining to the six charges and that each statement was given of the petitioner's own free will without promise or threat or reward. We are, from a review of the record, including the testimony of the petitioner and the police officer, persuaded that the confessions were made voluntarily and were admissible evidence at petitioner's trial.

Petitioner's last claim raises a possible conflict of interest concerning his assistance of counsel. The testimony revealed that either the petitioner's brother or sister had retained Mr. E. C. Wingfield to represent the petitioner although this, according to the petitioner, was not known to him until after the trial. Mr. Wingfield also appears to be the justice of peace that signed the arrest warrants. Mr. Wingfield testified that the petitioner was advised of this situation. The inquiry of this court is limited to possible deprivations of constitutional rights of defendants. If the defendant retained his own counsel and was aware of the situation as here presented, he has no federal constitutional right to claim that the acceptance of employment might have been ethically questionable. Good-

son v. Peyton, 351 F.2d 905 (4th Cir. 1965). Even if the petitioner were not aware of the situation we find no unfairness requiring the retroactive application of a *per se* conflict of interest rule, Yates v. Peyton, 378 F.2d 57 (4th Cir. 1967), or a denial of a constitutional right that resulted from the action or inaction of the state. From a review of the record, including the fact that petitioner's counsel was retained, not appointed, we do not think this claim presents a basis for habeas corpus relief.

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to any relief based upon his allegations. It is therefore adjudged and ordered that the writ be denied and the petition dismissed.