Fred Douglas VIA, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 69–C–35–D.

United States District Court
W. D. Virginia,
Danville Division.

Dec. 18, 1969.

Fred Douglas Via, pro se.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

This proceeding comes before the court on a petition for habeas corpus filed *in forma pauperis* by Fred Douglas Via, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C. § 2241.

Petitioner is presently serving a 20-year sentence in the Virginia State Penitentiary, following his conviction on March 21, 1964, in the Corporation Court for the City of Danville, Virginia, for murder in the second degree. Petitioner did not appeal this conviction, but he subsequently sought and obtained a writ of habeas corpus in Via v. Peyton, 208 Va. 387, 158 S.E.2d 127 (1967) on the ground that he was denied an appeal. He was granted a belated appeal

by the Virginia Supreme Court of Appeals on December 4, 1967, and his petition for a writ of error was denied on the merits on October 16, 1968. In the petition for a writ of habeas corpus currently before this court, petitioner has assigned ten grounds as error. Nine of these grounds have been previously raised in proper form before the Supreme Court of Appeals. At this point, petitioner has exhausted his state remedies with regard to all but one of his allegations, and he has thus complied with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

This court does not rule on petitioner's contention that Negroes were systematically excluded from the jury which tried him. The record has been carefully reviewed, and it in no way indicates that the issue of racial discrimination in petitioner's jury was properly raised before the Supreme Court of Appeals of Virginia. Petitioner raised this issue for the first time on the appeal of his trial court conviction, and he gave the Virginia appellate court no facts which it could use to fairly and adequately decide the question. Not a word was said about the issue prior to filing his notice of appeal and assignments of error.[1] Nor are any supporting facts to be found in the record. The Virginia court had no alternative but to dismiss petitioner's appeal.

■ This court is of opinion that this contention was raised in a frivolous manner. In attempting to convince this court that Negroes were systematically excluded from his jury, it is apparent that petitioner has merely copied word for word the court's statement of facts in Witcher v. Peyton, 382 F.2d 707, 709 (4th Cir. 1967). It is true that the *Witcher* case dealt with racial discrimination in juries in Danville in 1962 and 1963, but it in no way substantiates petitioner's claim that Negroes were systematically excluded from the jury which convicted petitioner in 1964. See

Code of Virginia, 1950, §§ 8–180, 19.1–198.

■ This court is not dismissing this allegation on the ground that petitioner waived his objections to the jury's composition by not objecting at the trial state. In order for petitioner to have waived his objections to the jury he must have understandingly and knowingly waived them. McNeil v. North Carolina, 248 F.Supp. 867 (E.D.N.C. 1965), rev. 368 F.2d 313 (4th Cir. 1966). Whether or not petitioner in fact waived such objections may be the subject of further inquiry in the proper forum, but not here and now.

This court finds that this issue has not been previously heard in proper form by the State court. Virginia must be given a fair chance to pass on the merits of the contention. Petitioner, therefore, has not exhausted his state remedies with regard to this one point, and it is dismissed without prejudice so that petitioner may pursue his remedy in the State court if he be so advised. 28 U.S.C. § 2254.

Petitioner's other contentions before this court are as follows:

First, that he was denied due process of law because no counsel was appointed to defend him at his preliminary hearing.

Second, that he was denied the constitutional right to an appeal.

Third, that the evidence presented at trial did not warrant the giving of first degree murder instructions.

Fourth, that the evidence presented at trial did not warrant the giving of an instruction on the felony murder rule.

Fifth, that irrelevant evidence of a gun owned by petitioner and irrelevant testimony of the victim's father was admitted in evidence.

Sixth, that petitioner's court appointed attorney failed to subpoena a medical doctor to testify as to the cause of the victim's death.

---

1. See letter from Clerk of Supreme Court of Appeals of Virginia and copy of Petition for Writ of Error which are made a part of this record.

Seventh, that a prosecution witness was intimidated and induced to testify against the petitioner.

Eighth, that certain facts which would implicate another suspect were suppressed by the police.

Last, that petitioner was not advised of his right to the aid of counsel.

■ Petitioner's first contention is that he was denied due process of law because no counsel was appointed to defend him at his preliminary hearing. This allegation is without legal merit. At the time petitioner was tried, there was no right to the aid of counsel at a preliminary hearing. Preliminary hearings were not then nor are they now trials. Their only purpose "is to ascertain whether there is reasonable ground to believe that a crime has been committed and the person charged is the one who has committed it. * * *" Webb v. Commonwealth, 204 Va. 24, 31, 129 S. E.2d 22, 28 (1963). Petitioner was in no way prejudiced because he lost none of his defenses or substantive rights. Ward v. Peyton, 349 F.2d 359 (4th Cir. 1965). A preliminary hearing was merely procedural and not jurisdictional at the time petitioner was tried. Snyder v. Commonwealth, 202 Va. 1009, 121 S. E.2d 452 (1961).

■ Petitioner's second allegation is that he was denied the constitutional right to an appeal. Via was awarded a belated appeal by the Supreme Court of Appeals, and he is not entitled to bring a petition for a writ of habeas corpus in this court on the ground that he was denied the right to appeal his trial court conviction. Thacker v. Peyton, 264 F. Supp. 997 (W.D.Va.1967).

■ This court finds that allegations three, four, and five, dealing with erroneous instructions and irrelevant evidence raise no federally cognizable claims. A petition for habeas corpus was never intended to take the place of an appeal. Habeas corpus is not the proper method of testing ordinary errors which are claimed to have arisen at the trial stage. Further, it is not the

intention of Congress or of the Supreme Court to "* * * subject the judicial acts of the highest state court to review by the lowest federal court in routine cases where no constitutional issues are involved * * *." United States ex rel. Smith v. Baldi, 96 F.Supp. 100, 103 (E.D.Pa.1951).

■ The state and federal judicial systems are separate entities. Both are responsible for protecting the rights of an accused. The federal courts, however, are without jurisdiction to hear cases which fall squarely within the realm of state jurisdiction. Federal jurisdiction can only arise in this area where the state prisoner is detained in violation of the Constitution, laws or treaties of the United States. McCoy v. Tucker, 259 F.2d 714 (4th Cir. 1958).

■ In dismissing allegations, three, four, and five, this court adopts the language of Mr. Justice Frankfurter in Brown v. Allen, 344 U.S. 443, 502, 73 S. Ct. 397, 443, 97 L.Ed. 469 (1953) where it was said:

"Just as in all other litigation a prima facie case must be made out by the petitioner. The application should be dismissed when it fails to state a federal question, or fails to set forth facts which, if accepted at face value, would entitle the applicant to relief."

■ This court is not impressed by petitioner's sixth contention that he was prejudiced by not having his own expert witness testify as to the cause of the victim's death. This is, however, a novel question because this court can find no other case in which this particular point was raised. All that can be said is that in nearly every murder trial there is at least one competent witness who is called to testify as to the physical condition of the deceased. In this instance, Dr. Yunis was called to give a report of the autopsy which he performed. He was also allowed over petitioner's objection to state his opinion as to the cause of death. Dr. Yunis, whose qualifications were admitted by petitioner's counsel, at no time pointed the fin-

ger of guilt at petitioner. He merely testified as to the cause of the victim's death. Petitioner was in no way prejudiced by not having his own witness on the cause of death. Indeed, all anyone else could have said would have been that the victim had been stabbed and that he was dead. I find no fault with petitioner's attorney for not calling another witness. Dr. Yunis performed the autopsy on the victim, and he was the best possible witness that could have been called by either side. In any event, the contention that Via was denied the effective assistance of counsel because an additional medical witness was not called is sufficiently answered by the law that trial tactics themselves or errors of judgment do not constitute ineffective assistance of counsel. Hoffler v. Peyton, 207 Va. 302, 149 S.E.2d 893 (1966).

Petitioner in his seventh allegation says that prosecution witnesses were induced and intimidated because Detective Boone sat at the same desk with Mr. Link, the prosecutor. This is without support in fact in the record. Not only is it without factual basis, in the federal courts, as well as in Virginia, the prosecuting attorney is entitled to have a representative of the police department sit with him. Ordinarily the officer in charge of the investigation is the one called on to sit on the Commonwealth's side of the court. Here, Detective Boone, who it should be noted did not testify, was asked. This court, having examined each page of the record which the petitioner cites as evidence of prejudice, concludes that no prejudice to the petitioner resulted because Detective Boone sat at the prosecutor's desk.

The eighth contention of petitioner is that certain facts which would implicate another suspect were suppressed by the police. Petitioner has failed to enlighten the court with these facts, but the court gathers that petitioner is trying to implicate Robert Morton, because the record shows that Morton was holding the victim at the time of the stabbing. This contention has absolutely no factual basis. Several witnesses saw petitioner strike the victim. No one testified to having seen Morton stab anyone. If any other suspect was suppressed, the record certainly doesn't show it, and petitioner has not supplied any facts which would even remotely tend to prove his contention. The fact that Morton may also have been guilty does not excuse Via.

Lastly, petitioner alleges that he was not advised to his right of counsel. In support of this proposition, petitioner cites Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). This court recognizes that well-reasoned *Miranda* opinion, but also recognizes Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) which established the rule that the *Miranda* guidelines were not to be applied to cases which were tried before June 13, 1966. In other words, *Miranda* cannot be applied retroactively. Petitioner, who was tried in 1964, cannot be granted relief on this ground.

This court has carefully examined all of petitioner's contentions, and it finds all but one to be totally lacking in either legal or factual merit. Petitioner's allegation concerning racial discrimination in his jury may be the subject of further proceedings.

The record has been fully and painstakingly read, and this court is of opinion that all facts have been adequately disclosed so as not to require any further hearing in the matter. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). An order dismissing the petition will be this day entered.