Cornell W. JONES, Petitioner,

v.

A. E. SLAYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 71–C–73–R.

United States District Court, W. D. Virginia, Roanoke Division.

Dec. 10, 1971.

C. Tabor Cronk, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed in forma pauperis by Cornell W. Jones, a state prisoner, pursuant to the provisions of 28 U.S.C.A. § 2241.

The petitioner is currently serving two consecutive five-year sentences imposed by the Hustings Court of the City of Roanoke for convictions of possession and sale of heroin. The first of these convictions, entered on June 24, 1969, is under attack in the petition before this court. At his trial, the petitioner was represented by counsel and entered a plea of not guilty. He was tried by a jury and did not appeal his conviction.

The petitioner, a Negro, has on three prior occasions sought state habeas corpus relief in the Hustings Court of the City of Roanoke. His first petition was filed with that court on February 19, 1970. That petition, which was denied and dismissed, did not allege any of the claims asserted in the petitioner's current federal petition. The second petition, which was filed on April 13, 1970, contained two basic allegations: first, the petitioner claimed entrapment, and, second, the petitioner claimed that Negroes had been systematically excluded from his jury. This petition was denied and dismissed on the grounds that the merits of the entrapment claim had been decided in the previous petition and that the petitioner made no factual statement in support of his allegation that Negroes had been systematically excluded from his jury. The third petition was filed on August 7, 1970, and the only allegation included therein was that Negroes had been systematically excluded from his grand and trial juries. This petition did not include any factual statement in support of the petitioner's claim, and it was denied and dismissed as being repetitive in light of the previous petition. Thereafter, the petitioner filed a petition with the Virginia Supreme Court of Appeals alleging that Negroes had been systematically excluded from his grand and trial juries. That petition also contained no factual statement to support the petitioner's allegation, and it was denied and dismissed by that court on April 27, 1971.

In the present federal habeas corpus proceeding the petitioner alleges that his constitutional rights were violated because Negroes were systematically excluded from the grand and trial juries involved in his case. The only fact alleged in support of this claim is that there were no Negroes on his trial jury.

This court realizes that habeas corpus petitioners cannot be expected to be well versed in the technicalities of legal procedure; however, in the case at bar the court feels that the petitioner has failed to exhaust his state remedies. Price v. Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); Roberts v. Pegelow, 313 F.2d 548, 550 (4th Cir.

1963). While the petitioner did file two petitions in the Hustings Court of the City of Roanoke in which allegations concerning the systematic exclusion of Negroes from his juries were included, he did not include any factual statements in support of his allegations. In his state petition filed April 13, 1970, he first made this allegation. The court in denying and dismissing that petition stated that the petitioner has failed to make any factual statements in support of his claim. Yet, in his subsequent petition with that court, filed on August 7, 1970, the petitioner again made the same allegation and again it was unsupported by factual statements. Likewise, the petition filed with the Virginia Supreme Court of Appeals included no factual statements in support of the petitioner's allegations. The federal petition before this court likewise contains no factual statements to support the petitioner's claim. If the petitioner would have exhausted his state remedies properly, the failure to include these statements could have been corrected by allowing the petitioner to amend his federal petition. Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Because the petitioner failed to present the state courts with factual statements in support of his allegations, it is the opinion of this court that the issue has not been previously heard in proper form for those Virginia courts to have a chance to pass on the merits of the petitioner's contentions. Via v. Peyton, 306 F.Supp. 1153, 1155 (W.D.Va. 1969). Since these issues have not been properly presented, this court feels that the petitioner has failed to exhaust his state remedies. See Sokol, Federal Habeas Corpus § 22.2 at pp. 166–67 (2 ed. 1969).

For the reasons herein included, the petition is dismissed; however, the dismissal is without prejudice so that the petitioner may properly pursue his state remedy.