The Honorable Mary Estill Buchanan Colorado Secretary of State State Capitol Building
Dear Mrs. Buchanan:
This is in response to your letter in which you ask several questions concerning the application of the lobbying laws to "expert witnesses."
QUESTION PRESENTED AND CONCLUSION
Are expert witnesses who are compensated for appearances before a legislative committee exempt from registration or disclosure under C.R.S. 1973, 24-6-302 and 304?
My conclusion is "no."
ANALYSIS
Reference is made to Attorney General's Opinion #75-0006, which sets forth and explains the scope and parameters of Part 3 of the Colorado Sunshine Law, entitled Regulation of Lobbyists. As is clear from the opinion and the law itself, there is no explicit or implied exemption from disclosing or registering for a so-called "expert witness." The only relevant section is C.R.S. 1973, 24-6-304, which states in part that:
 The provisions of this section shall not apply to any person who merely appears before a committee of the general assembly or board or commission in support of or in opposition to legislation or rule-making but is not directly or indirectly compensated therefor . . .
This exemption from registration is based on the condition that the person "merely" appears before a committee or board and that said person is not compensated therefor. It contains no requirement nor any references to the knowledge, qualifications or expertise of the person so appearing. Nor does it make any difference whether the person appears at the invitation of an individual legislator or on his own initiative. Consequently, it is my opinion that there is no exemption from registration or disclosure for "expert witnesses."
In regard to your question of whether persons who are reimbursed for expenses incurred in connection with activities described in 24-6-302(3) are required to file disclosure statements, the answer is yes. Such persons would be in the position of collecting or receiving money to be used in any manner to aid in or to influence:
 (a) the passage or defeat of any legislation by the general assembly or veto of any legislation by the governor of this state.
 (b) the adoption or defeat of any standard, rule, rate, or decision of any board or commission of this state which has been delegated rule-making authority by the general assembly.
C.R.S. 1973, 24-6-302.
In regard to the appropriate time for the filing of such statements, C.R.S. 1973, 24-6-302, makes it clear that the statement is due within ten days after the close of the calendar month in which the expense is incurred. To require, as suggested in your letter, that a person must register or disclose before being allowed to speak before a committee goes beyond the requirements of the statute and raises serious questions as to separation of powers and freedom of speech.
There would be no difficulty, however, in asking individual committee chairpersons to make the appropriate forms available to persons appearing before their committees.
In response to your specific question concerning Representative Bates from Tennessee, if Representative Bates was compensated for appearing before a committee of the Colorado General Assembly, he is required to register pursuant to 24-6-304. If he is merely reimbursed for expenses, he is required to file a disclosure statement pursuant to 24-6-302. Reimbursement by the Legislative Council in the amount of $563.86 would require the filing of such a statement.
In regard to the imposition of civil remedies in the particular instance, there is a substantial question as to whether the Colorado courts would have jurisdiction over Representative Bates. Under C.R.S. 1973, 13-1-124, personal service may be had outside the state on a non-resident under certain specific circumstances. Cases interpreting this section have held that there must be sufficient minimum contacts with the state to insure that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Lichina v.Futura, Inc., 266 F. Supp. 252 (D. Colo. 1966); Cox v. District Court,160 Colo. 437, 417 P.2d 792 (1966). The facts as presented indicate that Representative Bates made a single appearance in this state for the purpose of testifying before a committee. Without more, I am not confident that a court would hold this to be sufficient minimum contacts to sustain asserting personal jurisdiction over Representative Bates. However, should Representative Bates reappear in this state for the same or similar purposes, this office should be informed so that the advisability of instituting civil proceedings against Representative Bates may be reconsidered.
SUMMARY
"Expert witnesses," who are directly or indirectly compensated for their appearances before a legislative committee, are not exempt from registration or disclosure under C.R.S. 1973, 24-6-302 and 304 regardless of whether the person appears at the invitation of a legislator or on his own initiative.

 Very truly yours,
 J.D. MacFARLANE
 Attorney General
LOBBYING
WITNESSES
SECRETARY OF STATE

C.R.S. 1973, 24-6-304 C.R.S. 1973, 24-6-302 C.R.S. 1973, 13-1-124
SECRETARY OF STATE DEPT. Administration LEGISLATIVE BRANCH
"Expert witnesses," who are directly or indirectly compensated for their appearances before a legislative committee, are not exempt from registration or disclosure under C.R.S. 1973, 24-6-302 and 304 regardless of whether the person appears at the invitation of a legislator or on his own initiative.