No. 18,500.

CONRAD C. FLETCHER, ET AL. *v.* DISTRICT COURT OF JEFFERSON COUNTY, ET AL.
(322 P. [2d] 96)

Decided February 24, 1958.

Mr. MANSUR TINSLEY, for petitioners.

Mrs. FAITH MOORE OLSEN, Messrs. LEWIS & MURRAY, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PETITIONERS were the defendants in an action filed in the District Court in and for the County of Jefferson, State of Colorado. They are before this Court on original proceedings seeking a writ to prevent the District Court from proceeding in a civil action against them on the ground that the Court is without jurisdiction over their persons.

On the 4th day of December 1956, a process server handed to and left with each of the petitioners purported copies of a summons with complaint attached. Copies of the summons show the action to be in the District Court in and for the *City and County of Denver* and commands the defendants to file with the clerk of said court an answer to the complaint within twenty days or suffer judgment by default. A copy of the complaint states that the action is in the District Court in and for the *County of Jefferson,* State of Colorado.

The petitioners appeared specially in the District Court

action and moved for dismissal of the cause against them on the ground of lack of jurisdiction and the further ground that they had not been served with process. Their petition was denied and they were ordered to plead or answer to the cause. Because the court was about to proceed further, they sought from this court, and obtained, an order to the District Court to show cause why the writ of prohibition should not be granted.

The trial court found that the service of process was defective but concluded that it had jurisdiction because the parties *knew* from the complaint the court where the action had been filed. Of course that is beside the point. A reference to the complaint for particulars does not aid a defective summons. *Atchison T. & S.F. Co. v. Nicholls,* 8 Colo. 188, 6 Pac. 512. If the summons is void, there is no jurisdiction over the parties. We agree, however, that this does not warrant dismissal of the action. What the court should have done was to quash the summons and require the plaintiffs to proceed anew to serve the defendants.

Even though the motion filed by plaintiffs is labeled "Motion to Dismiss" under our Rules of Civil Procedure (R.C.P. 8 [f]) all pleadings are to be so construed as to do substantial justice, and the court is empowered to grant the relief to which the parties are entitled. A challenge of the jurisdiction of the court can be raised at any point of the proceedings, even on review. *Greene v. Phares,* 124 Colo. 43, 237 P. (2d) 1078.

R.C.P. 4 (c) provides:

"The summons shall contain *the name of the court,* the names or designation of the parties to the action, the *county* in which it is brought, be directed to the defendant, state the time at which defendant is required to appear and defend, and shall notify him that in case of his failure to do so, judgment by default will be rendered against him. * * *" (Emphasis supplied.)

It is settled law in Colorado that a summons which does not meet the requirements of the law is a

nullity. In *Smith v. Aurich,* 6 Colo. 388, the court said:

"The summons is a process by which parties defendant are brought into court, so as to give the court jurisdiction over their persons. Its form is prescribed by law, and whatever that form may be, it must be observed at least substantially. We entertain no doubt that a *summons must contain all that is required by the statute,* whether deemed needful or not."

Recently we have had occasion to reiterate the settled rule of law that all of the requirements of the rules in connection with the service of process by substituted service must be complied with and that attempted assertion of jurisdiction by the court under circumstances where the rules have not been followed is a nullity. *Jones v. Colescott,* 135 Colo. 552, 307 P. (2d) 464. The law is no different in connection with personal service of summons.

█ R.C.P. 4 (e) provides for personal service on a natural person over the age of eighteen years shall be accomplished "by *delivering a copy* thereof to him." Obviously if a purported copy or copies of a summons is for the District Court of the City and County of Denver and the original summons is for the District Court of Jefferson County, what was served was not a *copy* of the summons.

We reiterate that mere failure to obtain proper service does not warrant dismissal of the cause of action. It is Hornbook law that a cause of action filed may remain so indefinitely pending service of process upon the parties.

The rule is made absolute with directions to the District Court to quash the summons but is discharged as to the balance of the relief requested.

MR. CHIEF JUSTICE HOLLAND and MR. JUSTICE SUTTON do not participate.