William A. CLEWS, Appellant,

v.

Elizabeth C. STILES, Appellee.

No. 6401.

United States Court of Appeals Tenth Circuit.

Oct. 28, 1960.

Robert D. Taichert, Albuquerque, N. M. (Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., on the brief), for appellant.

Sumner Koch, Sante Fe, N. M. (Gilbert, White & Gilbert, Santa Fe, N. M., on the brief), for appellee.

Before MURRAH, Chief Judge, and HUXMAN and PICKETT, United States Circuit Judges.

HUXMAN, Circuit Judge.

This appeal involves the construction of Sec. 21-3-16, New Mexico Statutes

Annotated, 1953 Compilation. The Act, in general, provides that, "Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:" enumerated acts. Included are causes of action arising from "the operation of a motor vehicle upon the highways of this state."

Prior to the effective date of the Act, an automobile accident occurred between an automobile driven by appellant, William A. Clews and Elizabeth C. Stiles, Elizabeth C. Stiles then being a resident of the State of New Mexico. Prior to the institution of this action by Clews against appellee, she became a non-resident of the State, and service was sought to be had against her under the provisions of the above Act. The trial court sustained a motion to quash service of summons on the ground that the Act was prospective and had no application to causes of action existing at the time of its passage.

New Mexico has not considered the question whether the Act has retroactive effect or applies only prospectively to causes of action arising after the effective date of the Act. The New Mexico Act with one exception, not material, was adopted verbatim from a similar act by the State of Illinois, S.H.A. ch. 110, § 17.

■ It is a general rule of construction that where one State adopts a statute of another, there is a presumption, absent other considerations or indices, that it likewise adopts the construction of the Act by the courts of such other State. New Mexico subscribes to this general rule.[1] In the case of Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, 676, the Supreme Court of Illinois considered this identical question and held that the Act applied retrospectively. The court

1. Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006; Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540; White v. Montoya, 46 N.M. 241, 126 P.2d 471; McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250.

said, " \* \* \* while generally statutes will not be construed to give them a retroactive operation unless it clearly appears that such was the legislative intent, nevertheless, when a change of law merely affects the remedy or law of procedure, all rights of action will be enforceable under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing legislation."

There is no saving clause in the New Mexico Act and nothing in the history of the Act or in the pronouncement of the courts of New Mexico which indicates that the general rule of construction should be departed from. It would, of course, be desirable if we had an expression from the Supreme Court of New Mexico, but in the absence of such expression, it is our duty to construe the Act. It is our conclusion that in adopting the Illinois Act, the New Mexico Legislature adopted the construction of the Act by the Illinois courts. We, therefore, conclude that the Act in question has retroactive effect and that service was properly had on appellee.

The trial court expressed some doubts as to the constitutionality of the Act in question, but because of its conclusion with respect to the retroactive provisions of the law relating to service of summons, did not deem it necessary to consider this question. The question is, however, presented as an alternative ground in support of the judgment appealed from. The argument on this point is predicated on Article III, Section 1, of the New Mexico Constitution, which provides that: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of the others, except as in this Constitution otherwise expressly directed or permitted." It is contended that if the statute here involved be considered procedural in intent and effect, the statute is then an unconstitutional attempt by the Legislature to govern judicial procedure, and hence void.

The case of State v. Roy, 40 N.M. 397, 60 P.2d 646, 660, 110 A.L.R. 1, is cited in support of the contention that the power to adopt rules of procedure for the courts is a judicial function lodged exclusively in the courts. We do not so construe the case. In that case was involved the construction of Chapter 84 of the Laws of 1933, which conferred power on the court to adopt rules of pleading, practice and procedure. The contention was made that this power was a legislative function which the legislature could not delegate to the courts and that, therefore, the rules adopted by the courts were void. No attempt will be made to explore the outer reaches of this decision. There are statements in the opinion, when considered alone and out of context, which might tend to support appellee's contention. Reliance is placed upon the statement by the court that, "We therefore hold that the trial court rules promulgated by us, though promulgated subsequent to and consequent upon the enactment of chapter 84, were promulgated, nevertheless, by this court in the exercise of an inherent power lodged in us to prescribe such rules of practice, pleading, and procedure as will facilitate the administration of justice." But the court also quoted with approval from Wayman v. Southard, 10 Wheat. 1, 6 L. Ed. 253, that, "It will not be contended, that these things might not be done by the legislature, without the intervention of the courts; yet it is not alleged, that the power may not be conferred on the judicial department." The court, in its opinion, further said, "When the legislature enacted chapter 84, it merely withdrew from a field wherein it had theretofore functioned as a co-ordinate branch of our government with the court in the promulgation of rules of pleading, practice, and procedure." The court also said, "It is sufficient here to hold that when the Legislature enacted chapter 84,

it did not delegate to the court a function exclusively legislative contrary to section 1, art. 3, of our Constitution." At most, the gist of the opinion would seem to be that the Act delegating the power to promulgate rules did not delegate "an exclusive legislative function to the courts." In the absence of guidance from the New Mexico Court, we conclude that the Act in question is a valid exercise of legislative power.

Reversed.