No. 22032.

KENNETH H. HOEN AND INDUSTRIAL COMMISSION *v.*
THE DISTRICT COURT OF ARAPAHOE COUNTY,
IN THE EIGHTEENTH JUDICIAL DISTRICT, ET AL.
(412 P.2d 428)

Decided March 28, 1966.

452

Myrick, Criswell & Branney, for petitioners.

Williams, Erickson & Brown, for respondents The District Court in and for the County of Arapahoe and the Hon. William B. Naugle.

Richard A. Law, for respondent C. Nealon.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

THIS is an original proceeding and concerns chapter 119 of the Session Laws of 1965, which statute is sometimes referred to as the "long-arm" or "single act" statute, but will hereinafter be referred to as simply the statute.

The statute, insofar as it relates to the present controversy, provides as follows:

"Section 1. Jurisdiction of courts. (1) (a) Engaging in any act hereinafter enumerated by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative, to the jurisdiction of the courts of this state, concerning any cause of action arising from:

\*    \*    \*

"(c) The commission of a tortious act within this state;

\*    \*    \*

"Section 2. Service of Process. (1) Service of process upon any person subject to the jurisdiction of the courts of Colorado may be made by personally serving the summons upon the defendant outside this state, in the manner prescribed by the Colorado rules of civil procedure, with the same force and effect as if the summons had been personally served within this state."

The effective date of the statute was May 10, 1965.

On June 28, 1965, Hoen and the Industrial Commission of Colorado filed a complaint in the district court in Arapahoe County against William Nealon, alleging that he (Hoen) had suffered damage as a result of Nealon's negligence arising out of an automobile collision which occurred on December 8, 1960 in Arapahoe County. On June 29, 1965, pursuant to the provisions of the statute, Nealon was personally served in Pennsylvania, Nealon

as of that date having been a resident of that state for some three and one-half years, although at the time of the accident and for several years thereafter he had been a resident of Colorado. Thereafter, Nealon filed a motion to quash the purported service upon him, alleging that the statute is in conflict with the constitutions of the State of Colorado and of the United States and that even if said statute be deemed intrinsically constitutional, it cannot be given "restrospective" effect by applying it to tortious acts occurring prior to its effective date.

The trial court granted this motion and entered an order quashing the purported service of process. The reason assigned by the trial court for its order of quashal was *not* that the statute was unconstitutional, as such, but rather that the statute "cannot have a retroactive effect" and hence the court could not acquire jurisdiction by virtue of service of process used in this case inasmuch as the tortious act complained of occurred on December 8, 1960.

It was at this juncture that Hoen and the Industrial Commission of Colorado, as petitioners, initiated this original proceeding in this court, asking that a rule issue to the district court in and for Arapahoe County and to the Honorable William B. Naugle, one of the judges thereof, directing the respondents to show cause, if such they could, why the order quashing the service of summons should not be set aside and vacated. We ordered that such a rule to show cause issue, and the respondents having now filed their answer and response thereto, the matter now awaits our determination.

The issues raised are basically two in number: (1) was the rule to show cause improperly entered, respondents contending in this regard that the order of the trial court quashing the purported service is a "final" order and subject to review by writ of error; and (2) does the statute have any applicability where, though the complaint was filed *after* the effective date of the statute,

the tortious act complained of occurred *prior* to the effective date thereof.

We find no merit to respondents' initial contention that the order of the respondent court granting Nealon's motion to quash service of process is a "final" and "appealable" order, and as such subject to review by writ of error. It is urged in this connection that since the order of quashal is subject to review by writ of error, there is accordingly no need to invoke the original jurisdiction of this court. Rule 111, R.C.P. Colo. states that a writ of error shall lie to a "final judgment" of any district court. An order quashing service of summons is not a "final judgment," nor does such action even justify an order of dismissal. In *Fletcher v. District Court,* 137 Colo. 143, 322 P.2d 96, we stated that the "mere failure to obtain proper service does not warrant dismissal of the cause of action." Counsel contend that the rationale of the *Fletcher* case has no applicability to the present controversy, and distinguishes that case from the instant one by pointing out that in the *Fletcher* case the service of process was defective as to form only; whereas in the instant case it is claimed that because Nealon is a resident of Pennsylvania, personal service upon Nealon "could never be had under any circumstance." In other words, the order quashing service on Nealon is said to have effectively terminated the action.

In the recent case of *Bolger v. Dial-A-Style Leasing Corporation,* 159 Colo. 44, 409 P.2d 517, which involved attempted service of process upon a foreign corporation, we again stated that it was improper to dismiss a complaint because of improper or invalid service of process. While there may well be some diversity of judicial thought on this particular point, we now hold that an order quashing a purported service of process is not tantamount to a judgment of dismissal and under our rules is not such an order as is subject to review by writ of error. Hence, this is a proper subject for an original proceeding.

456

We next proceed to a consideration of the statute itself. Respondents do not here contend that the statute is intrinsically unconstitutional, but urge that it would be improper to apply it to the situation where the tortious act complained of occurred prior to the effective date of the statute. To thus "retrospectively" apply the statute is claimed to be an "unconstitutional" application of the statute, and is said to contravene Article II of section 11 of the Colorado Constitution as well as the Fourteenth Amendment to the United States Constitution. Respondents argue in this regard that from the "earliest days of written law in Colorado" statutes of *every* kind, whether they be denominated as "procedural" or "substantive," are deemed to have "prospective" effect only, "absent a clearly expressed intention of the legislature to the contrary."

On the other hand the petitioners initially suggest that to permit the statute to have applicability to Nealon is not in reality to give it any retrospective effect, as such application of the statute in question would simply mean that the statute governs the validity of a service of process accomplished *after* the effective date of the statute. In this connection it is asserted that a statute is not retroactive merely because it may depend upon antecedent facts for its operation.

But whether this matter of retrospectivity be deemed a matter of semantics only, or not, petitioners urge that the statute is procedural or remedial in its nature, and does not relate to substantive rights. Being, then, a procedural statute, it can and should be applied in a situation where, as here, the tortious act complained of occurred prior to the effective date of the statute, unless there be a clear legislative intent that it be not so applied. And, it is argued that for a variety of reasons the 1965 General Assembly intended that it should be just so applied.

■ Much has been written about the so-called retrospective application of a statute of this general type.

And admittedly there is not a unanimity of judicial thought on the matter. However, the better reasoned and more persuasive point of view, to us, is that such a statute may be constitutionally applied to one in Nealon's position, *i.e.*, where the complaint is filed *after* the effective date of the statute, though the tortious act complained of occurred *before* the effective date of the statute. No good purpose would be served by setting forth in detail our reasons for so holding. Suffice it to say that in support of this conclusion and as illustrative of our thinking on this subject, see *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S. Ct. 199; 2 L.Ed.2d 223; *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L.E. 95; *Clews v. Stiles*, 303 F.2d 290; *Sawyer v. Taylor*, 225 F. Supp. 555; *Smith v. Putnam*, Civil No. 9298, D. Colo. Sept. 27, 1965; *Nelson v. Miller*, 11 Ill.2d 378, 143 N.E.2d 673; *Ogdon v. Gianakos*, 415 Ill. 591, 114 N.E.2d 686; *Gray v. Armijo*, 70 N.M. 245, 372 P.2d 821; *Jones v. Garrett*, 192 Kan. 109, 386 P.2d 194; and *Tellier v. Edwards*, 56 Wash.2d 652, 354 P.2d 925.

Having determined, then, that a statute of this type *may* be applied to one in Nealon's position without being constitutionally offensive, the only remaining question is whether the General Assembly intended that it be so applied. We conclude that it did. Although counsel suggest several reasons why such is true, we need only consider one. Our statute is virtually identical with that of Illinois, and at the time the 1965 General Assembly passed the statute the Supreme Court of Illinois had already some eight years prior thereto in *Nelson v. Miller, supra*, held that its statute was applicable where, as here, the tortious act occurred *prior* to the effective date of the statute authorizing such service of process. In *Hallett v. Alexander*, 50 Colo. 37, 114 Pac. 490, we declared that the General Assembly in adopting substantially an Illinois statute is presumed to have intended that such statute should receive by the courts

of this state the same construction given it by the courts of Illinois prior to its adoption in this state.

The writ is made absolute and the respondent court and the judge thereof are directed to vacate the order granting Nealon's motion to quash; to then deny the motion and thereafter give Nealon time to further plead to the complaint.

MR. JUSTICE MOORE not participating.