No. 22246.

MARK T. COX III, AND J. E. KETCHUM *v.* THE DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, AND THE HONORABLE GEORGE MCNAMARA, JUDGE.

(417 P.2d 792)

Decided September 6, 1966.

438

BENJAMIN R. LOYE, JOHN W. METZGER, WORMWOOD, WOLVINGTON, RENNER & DOSH, for petitioners.

HOLLAND & HART, DWIGHT K. SHELLMAN, EDWIN S. KAH, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the court.

THIS matter is before the court on original proceedings seeking a writ of prohibition directed to the district court of the City and County of Denver wherein it is alleged that the petitioners will be subject to a trial in an *in personam* action, in which they are the defendants, unless we act to prohibit the court from proceeding further.

The complaint was filed June 2, 1965. Petitioners were personally served with process in the state of Wyoming several months later. The service was had by reason of the provisions of Session Laws of Colorado, 1965, chapter 119, which has received a nomenclature of "the long arm statute" and which became effective May

10, 1965. That statute permits service of process outside of Colorado in "any cause of action arising from the transaction of any business within this state."

Petitioners sought to quash the service of process in the lower court through a special appearance. This motion to quash was denied. This court issued a writ directed to the district court to show cause why it should not be prohibited from proceeding further. The district court and the party seeking to sustain the service against petitioners have responded. The matter is now at issue before this court.

The events giving rise to the cause of action all occured prior to the effective date of the statute. The action is admittedly one *in personam* based upon fraud and breach of warranty in connection with the sale of cattle. The contract was entered into by the parties in Denver. The cattle were shipped in the state of Wyoming for delivery into Colorado; the alleged fraud and breach of warranty were discovered in Colorado and the damage sustained by plaintiffs was wholly in Colorado. The petitioners were personally served in Wyoming.

■ One of the arguments advanced by the petitioners is that the statute is being given retrospective effect contrary to the constitution of the state of Colorado. Article XV, section 12. This argument was rejected by us in *Hoen v. District Court of Arapahoe County,* 159 Colo. 451, 412 P.2d 428, where, as in this case, the cause of action arose prior to the effective date of the statute, but the complaint was filed and service of process accomplished after the statute was enacted.

■ Additionally, petitioners have alleged that minimal contacts necessary for the operation of the statute have not been made so as to permit personal service upon them in Wyoming when the relief sought is *in personam.*

A hearing on motion to quash was held by the court, and the court found upon affidavits submitted by parties plaintiff that there was sufficient "transaction of busi-

ness" within Colorado to bring the petitioners within the provisions of the statute. The contract was executed by the parties in Denver. The cattle were delivered in Wyoming for shipment into Colorado. The certificates signed by one of the petitioners as to the health of the cattle show they were destined for Colorado and subject, therefore, to Colorado entrance requirements. Payment was made by the Colorado purchasers on funds drawn on a Colorado bank.

The motion to quash was properly denied.

The rule is discharged.