709 P.2d 1379 (1985)
William H. ReMINE ex rel. Leeman Lee LILEY, Petitioner,
v.
The DISTRICT COURT FOR the CITY AND COUNTY OF DENVER, and the Honorable Alvin D. Lichtenstein, one of the judges thereof, Respondents.
No. 85SA75.
Supreme Court of Colorado, En Banc.
December 9, 1985.
Montgomery Little Young Campbell & McGrew, P.C. William H. ReMine, III, Englewood, for petitioner.
Ozer, Spriggs & Trueax, P.C., Robert C. Ozer, Denver, for respondents.
LOHR, Justice.
In this original proceeding, we issued a rule to show cause directing the respondent district court[1] to demonstrate why it did *1380 not err in rejecting the challenges raised by Leeman Lee Liley, a defendant in a personal injury action, to the court's jurisdiction over his person. We conclude that the purported service of process upon Liley by publication pursuant to court order was legally ineffective because, under the facts of this case, such service was not authorized by statute or court rule. Consequently, we make the rule absolute.

I.
Grace Marie Vialpando and Ishmael Daniel Vialpando (plaintiffs) brought an action against Leeman Lee Liley (defendant) in Denver District Court, seeking damages for injuries sustained as a result of a collision between an automobile driven by Liley and a car in which the Vialpandos were traveling. The plaintiffs attempted to obtain service of process upon Liley personally but were unsuccessful in their efforts to locate him.
The Vialpandos then filed a verified motion for an order for service by publication pursuant to C.R.C.P. 4(h). In that motion they alleged that they had repeatedly and unsuccessfully attempted to serve the summons and complaint on Liley in Colorado at his place of residence as listed on the accident report and at his place of business as disclosed by his "insurance carrier." They also stated in the motion that in the course of efforts to serve the defendant in Colorado, the plaintiffs had been informed that Liley had moved to an address in Racine, Wisconsin. The Vialpandos averred that repeated attempts to serve the defendant at the Wisconsin address also had been unavailing and that the sheriff of Racine County had informed them that Liley had moved and left no forwarding address. The plaintiffs stated that Liley's whereabouts were unknown and that he could not be served personally in Colorado or elsewhere. The Vialpandos also averred that they had been contacted by a representative of Underwriters Adjusting Company (Underwriters), with a specified mailing address in Aurora, Colorado, who stated that Underwriters "is the insurance carrier for Defendant and said Underwriters Adjusting Company is responsible for the defense of the case" on behalf of Liley.
The district court held an ex parte hearing, at which it reviewed the motion for service by publication and the supporting affidavit. Based on that review, the court ordered publication of the summons and also ordered counsel for the plaintiffs[2] to mail a copy of the summons and complaint to Liley at his last known address as stated in the motion and to mail a copy of those documents to "the insurance carrier for the Defendant" at the address stated in the motion. Publication and mailing were accomplished in accordance with the order.
Liley appeared specially through an attorney and filed a motion to quash the service of process. Liley noted that C.R. C.P. 4(g) allows service by mail or publication "only in cases affecting specific property or status or other proceedings in rem" and argued that the personal injury action here is not included within any of these categories. The plaintiffs responded that the suit is an in rem proceeding affecting specific property,[3] namely, "the proceeds and the contractual obligation under the insurance policy Defendant had in effect at the time of the accident with Underwriters Adjusting Company which provided insurance coverage for exactly the type of occurrence *1381 which is the subject of this lawsuit."
Liley filed a reply brief answering the plaintiffs' legal arguments and appending an affidavit of an executive for Rural Mutual Insurance Company (Rural Mutual). The affidavit stated that the automobile driven by Liley at the time of the accident belonged to Melba J. Russo,[4] a Wisconsin resident. Rural Mutual insured the automobile by a policy issued in Russo's name. The affidavit further stated that Rural Mutual is licensed to write insurance in Wisconsin but not in Colorado and that Rural Mutual "has no funds" in Colorado. Finally, the affidavit stated that Underwriters was engaged by Rural Mutual to "represent them and to investigate the accident."
Also attached to the defendant's reply brief was the affidavit of an executive for Underwriters. This affidavit stated that Underwriters is "an independent adjusting firm engaged in investigating and, when appropriate, attempting to settle personal injury cases." The affidavit further stated that Underwriters is not an insurance company, does not write or underwrite insurance policies, controls no funds for the purpose of settling cases and is not responsible for the defense of any case.
The district court by written order denied the motion to quash without setting forth reasons. Liley then filed a motion to dismiss the complaint, with a supporting brief, arguing that the Vialpandos' personal injury action is not a type of proceeding for which the rule authorizes service by publication or mail and that the court's assertion of personal jurisdiction based on substituted service violates the defendant's right to due process of law. Therefore, the argument concluded, the case must be dismissed for lack of jurisdiction due to ineffective service.
The plaintiffs filed a brief in opposition to the motion to dismiss. In their brief, the plaintiffs included a new argument that the legislative purposes underlying the Colorado Auto Accident Reparations Act, sections 10-4-701 to -723, 4 C.R.S. (1973 & 1985 Supp.), and certain provisions of that act indicate a strong public policy to allow substituted service on a defendant in circumstances such as those present here. The plaintiffs further asserted in their brief that Liley willfully sought to avoid personal service, and, for that reason also, service by publication was authorized.
The district court denied the motion to dismiss, stating in its written order only that the "[d]efendant sought to avoid service of process." Liley then filed a petition in this court seeking an order prohibiting the district court from asserting jurisdiction over him. Liley predicated his request on the position that the purported service of process upon him by publication was not authorized. We issued an order and rule to show cause.

II.
Because the automobile accident occurred in Colorado, there is no doubt that the district court has subject matter jurisdiction over this lawsuit, and that it has personal jurisdiction over the defendant Liley if proper service has been effected upon him. See § 13-1-124(1)(b), 6 C.R.S. (1973). Service of process upon any person subject to the jurisdiction of Colorado courts can be accomplished by personally serving the summons upon the defendant outside the state with the same effect as if the summons were so served within Colorado. § 13-1-125(1), 6 C.R.S. (1985 Supp.); C.R.C.P. 4(f). Substituted service by mail or publication is allowed "only in cases affecting specific property or status or other proceedings in rem." C.R.C.P. 4(g). Liley was served by publication. The issue, then, is whether the Vialpandos' personal injury suit against Liley is either a case *1382 "affecting specific property" or an "other proceeding in rem" for the purposes of the rule.
In analyzing this issue, we are guided by the principle that statutes or rules providing for substituted service are in derogation of common law and must be strictly construed and followed before jurisdiction over the person can be obtained in this manner. Carlson v. District Court, 116 Colo. 330, 342, 180 P.2d 525, 531 (1947). When a defendant files a motion to quash service of process, the plaintiffs have the burden of establishing all facts essential to jurisdiction. Harvel v. District Court, 166 Colo. 520, 523, 444 P.2d 629, 631 (1968).
The Colorado Rules of Civil Procedure do not define the terms "cases affecting specific property" or "other proceedings in rem." In its strictest sense, an in rem proceeding is an action initiated "against the thing," that is, against property of some sort in contrast to an action against a person. Black's Law Dictionary 713 (5th ed.1979). In modern jurisprudence, however, the term is employed to encompass any action brought against a person in which the essential purpose of the suit is to determine title to or affect interests in property located within the territory over which the court has jurisdiction. This type of in rem action is a case affecting specific property. See Hoff v. Armbruster, 125 Colo. 324, 327-29, 244 P.2d 1069, 1071-72 (1952). Typical in rem actions of this sort include actions to quiet title or to partition land. In addition, we have recognized as proceedings in rem, e.g., an action to determine the proper distribution of the real and personal property of a decedent's estate, Hoff v. Armbruster, and, by implication, an application for the determination of abandonment of a water right, Gardner v. State of Colorado, 200 Colo. 221, 614 P.2d 357 (1980).
Another type of in rem proceeding is the "quasi in rem" action. Quasi in rem actions are not initiated strictly to determine ownership of or affect interests in particular property. Rather, they involve the assertion of a personal claim, which is transformed into an action against a defendant's property by the attachment or garnishment of some or all of the defendant's property located within the jurisdiction. George v. Lewis, 204 F.Supp. 380, 383 (D.Colo.1962); C. Wright and A. Miller, 4 Federal Practice and Procedure, § 1070 at 268 (1969). See Hoff v. Armbruster, 125 Colo. at 328, 244 P.2d at 1071. See generally Shaffer v. Heitner, 433 U.S. 186, 196-201, 97 S.Ct. 2569, 2575-2578, 53 L.Ed.2d 683 (1977).
The effect of a judgment in an in rem or quasi in rem action is limited to the property that supports jurisdiction. Such a judgment does not impose personal liability on the defendant. Shaffer v. Heitner, 433 U.S. at 199, 97 S.Ct. at 2577; George v. Lewis, 204 F.Supp. at 383.
Here, the plaintiffs sued Liley in a personal injury action, alleging that Liley was negligent in driving his automobile, that the plaintiffs were injured as a consequence, and that Liley owes them damages as recompense. The plaintiffs argue that the insurance obligation on the part of the insurance carrier that wrote the policy on the defendant's vehicle constitutes a property interest within the state of Colorado and provides a basis for an in rem or quasi in rem proceeding. Whatever the merits of the plaintiffs' argument may be in a different situationand we express no opinion as to those merits herethe facts of this case establish that the plaintiffs have not taken any steps to institute an in rem or quasi in rem action. The plaintiffs did not initiate a traditional in rem action, as nothing on the face of their pleadings in the negligence suit against Liley seeks to determine the title to or affect interests in this "property" or any other property within the state of Colorado. Nor have the plaintiffs initiated a quasi in rem action, for they have not garnished or attached this alleged "property"the obligation of the *1383 insurance companyor any other property within the state so as to transform their personal injury action into a quasi in rem action.[5]
The plaintiffs' argument at bottom is that the mere existence of the insurance company's obligation to defend and indemnify Liley converts this in personam action into an in rem or quasi in rem action and thus permits service by publication. Construing C.R.C.P. 4(g) broadly so as to characterize this action in such a manner would be inconsistent with the mandate to construe strictly any statute or rule allowing for substituted service. Carlson v. District Court, 116 Colo. at 342, 180 P.2d at 531.
The plaintiffs also assert, and the district court agreed, that service by publication is proper here because Liley waived personal service by concealing himself to avoid service of process. Even if the facts established that Liley willfully concealed himself to avoid service of processand they do notthis alone would not authorize substituted service under C.R.C.P. 4(g). The rule expressly allows service by mail or publication only in cases affecting specific property or status or other proceedings in rem. Only when this threshold has been crossed does the rule authorize service by publication on specifically designated parties, including "persons who conceal themselves to avoid service of process." C.R.C.P. 4(g)(2)(D). By its own terms, the rule explicitly requires more than willful concealment to avoid service of process as a basis to support service by publication.
Finally, the parties argue extensively that substituted service in this case either satisfies or does not satisfy the constitutional requirements of due process, specifically the requirement of proper notice. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Clemens v. District Court, 154 Colo. 176, 390 P.2d 83 (1964). However, we need not reach the issue of the constitutionality of the attempted substituted service, for we hold that substituted service is not authorized by C.R.C.P. 4(g) on these facts.

III.
We conclude that the trial court erred in denying the petitioner's motion to quash the service of process. As a result of the legally defective service, the court lacks jurisdiction over the defendant. Fletcher v. District Court, 137 Colo. 143, 145, 322 P.2d 96, 97 (1958). However, failure to obtain proper service does not warrant dismissal of the complaint for that reason alone. Hoen v. District Court, 159 Colo. 451, 455, 412 P.2d 428, 430 (1966); Fletcher v. District Court, 137 Colo. at 145, 146, 322 P.2d at 97. The district court, therefore, did not err in denying the petitioner's motion to dismiss.
We make the rule absolute.
NOTES
[1] More precisely, the respondents are the district court and one of its judges, as described in the caption of this opinion. The parties who are directly benefited by the district court orders challenged in this proceeding, however, are Grace Marie Vialpando and Ishmael Daniel Vialpando, the plaintiffs in the personal injury suit that underlies this original proceeding. Thus, we generally describe the plaintiffs as the sponsors of the positions taken by the respondents in this case.
[2] C.R.C.P. 4(h) states that "the clerk shall mail a copy of the process." Liley has not contended that the court's order directing the plaintiff's counsel to accomplish the mailing impaired the effectiveness of service.
[3] The plaintiffs have not argued that their personal injury suit against Liley is a case affecting "status," another category of actions in which service by mail or publication is authorized by C.R.C.P. 4(g).
[4] An affidavit of the plaintiffs' attorney states that he was told by an employee of Underwriters that Russo is Liley's mother.
[5] The plaintiffs' argument includes the contention that the Colorado Auto Accident Reparations Act, sections 10-4-701 to -723, 4 C.R.S. (1973 & 1985 Supp.), provides support for quasi in rem jurisdiction. Because the plaintiffs have not sought to garnish or attach any property to initiate a quasi in rem action, it is unnecessary to analyze the Colorado Auto Accident Reparations Act to determine whether it has relevance to quasi in rem jurisdiction.