**In re the MARRIAGE OF Pemie N. WILSON, Appellee,**

**and**

**Homer B. Wilson, Appellant.**

**No. 87CA0093.**

Colorado Court of Appeals, Division III.

Nov. 25, 1988.

J. Bruce Teichman, Hereford, Tex., for appellee.

James D. Osborne, Craig, for appellant.

VAN CISE, Judge.

In this dissolution of marriage action, Homer B. Wilson (husband) appeals the order denying his C.R.C.P. 60(b)(3) motion to set aside a judgment for unpaid maintenance, child support, and attorney fees. He contends the judgment is void for lack of personal jurisdiction. We disagree, and affirm.

This case was previously before this court. In that appeal, Pemie N. Wilson (wife) challenged the trial court's dismissal of her 1981 petition for dissolution, which dismissal was premised on a ruling that the marriage had previously been dissolved by a 1979 Illinois decree. In *In Re Marriage of Wilson*, 653 P.2d 85 (Colo.App.1982), we reversed and directed the trial court to reinstate the wife's petition in order to determine the validity of the Illinois decree and to adjudicate the rights of the parties with respect to property owned by them in Colorado.

During the pendency of that appeal, the general assembly amended the Colorado long-arm statute by adding a new subparagraph, § 13-1-124(1)(e), C.R.S. *See* Colo. Sess. Laws 1982, Ch. 57, at 280. Prior to the amendment, the statute contained no provision relating specifically to marital matters. As amended, the statute provides that, among the acts which operate to sub-

mit a person to the jurisdiction of the Colorado courts, is:

"The maintenance of a matrimonial domicile within this state with respect to all issues relating to obligations for support to children and spouse in any action for dissolution of marriage ... if one of the parties of the marriage continues without interruption to be domiciled within the state."

The requirements of this amendment are that the parties maintain, or have maintained, a matrimonial domicile within Colorado, and that one party continues, without interruption, to be domiciled within Colorado. Service of process for such cases may be made by personally serving the respondent outside the state. Section 13–1–125(1), C.R.S. (1987 Repl.Vol. 6A). The amendment was effective July 1, 1982. Our mandate in that appeal, reversing the trial court's dismissal, was issued in October of that year.

After the cause was remanded, the trial court issued a minute order advising the parties that the court apparently lacked personal jurisdiction over husband. Thereafter, husband was again personally served with process at his residence in Illinois. In addition, wife filed an affidavit stating that she and husband were married in Colorado in 1964 and had resided in the state as husband and wife until 1978, when husband moved to Illinois. Wife stated that she had resided continuously in Colorado since 1973.

Husband did not file an answer to the petition and, although notified, he failed to appear for the hearing concerning final orders. Following that hearing, in its October 1985 amended decree, the trial court found that it had personal jurisdiction over husband, and that the 1979 Illinois decree of dissolution was void for fraud against wife. The court then dissolved the marriage and granted wife custody of the parties' minor child. It awarded wife maintenance in a lump sum of $330,126.00 ordered husband to pay $500.00 a month child support plus $3600.00 in a lump sum "so the child may attend a trade school," and awarded $3,000.00 for attorney fees. Each

party was given title to the personal and real property in his or her possession. When husband failed to comply with the decree, judgment was entered in January 1986 for the amount then due.

In October 1986, husband appeared specially and filed a motion to set aside the judgment for lack of personal jurisdiction. The trial court denied that motion. Notice of appeal from this order was timely filed.

Husband does not challenge the constitutionality of the marital domicile amendment to the long-arm statute. Instead, he contends that application of that provision to this case would be an unlawful retroactive application of the law in violation of Colo. Const. art. II, § 11, and § 2–4–202, C.R.S. (1980 Repl.Vol. 1B). We disagree.

Our supreme court has ruled that the long-arm statute may be applied retroactively in cases in which the claim arose prior to the effective date of the statute where the complaint was filed and service of process was accomplished after the statute was enacted. *Cox v. District Court,* 160 Colo. 437, 417 P.2d 792 (1966); *Hoen v. District Court,* 159 Colo. 451, 412 P.2d 428 (1966). In reaching its ruling in *Hoen,* the supreme court relied on other court decisions holding that long-arm statutes are procedural or remedial in nature and, hence, applicable retroactively. *See McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Smith v. Putnam,* 250 F.Supp. 1017 (D.Colo.1965); *Nelson v. Miller,* 11 Ill.2d 378, 143 N.E.2d 673 (1957). Also, under analogous circumstances, our appellate courts have held that a statute which effects a change that is merely procedural or remedial in nature may be applied retroactively. *Continental Title Co. v. District Court,* 645 P.2d 1310 (Colo.1982); *Kardoley v. Colorado State Personnel Board,* 742 P.2d 934 (Colo.App.1987).

■ Other courts have held that, absent a legislative intent to the contrary, the validity of the service of process should be determined under the statute in existence at the time of service. *See Myers v. Mooney Aircraft, Inc.,* 429 Pa. 177, 240 A.2d 505 (1968); *Vernon v. Rock–Ledge House,*

*Inc.*, 49 Misc.2d 98, 266 N.Y.S.2d 556 (N.Y. Sup.Ct.1966); *Ingravallo v. Pool Shipping Co.*, 247 F.Supp. 394 (E.D.N.Y.1965).

We find these cases persuasive here. Under C.R.C.P. 3, an action may be commenced by the filing of a complaint or by service of process. While the filing of the complaint gives the court jurisdiction over the plaintiff and the action, jurisdiction over the defendant is acquired only through legal service of process. *Fletcher v. District Court*, 137 Colo. 143, 322 P.2d 96 (1958). Accordingly, we conclude that the validity of the service of process should be determined under the statute in existence at the time of service. Because husband was personally served after the amendment became effective, the trial court acquired personal jurisdiction over husband as a result of that service.

■ We also reject husband's contention that wife failed to make a prima facie showing of threshold jurisdiction under the amendment. In determining whether a prima facie showing has been established, the trial court is not limited to the allegations of the complaint, but must, in addition, consider any other relevant material presented to the court. *See Le Manufacture Francaise Des Pneumatiques Michelin v. District Court*, 620 P.2d 1040 (Colo. 1980). Here, wife stated in an affidavit that the parties had maintained a marital domicile in Colorado and that she continued to reside here. These facts were uncontroverted and were sufficient to establish jurisdiction under the amendment.

We have considered the husband's remaining contentions and find them to be without merit.

ORDER AFFIRMED.

STERNBERG and CRISWELL, JJ., concur.