Ronald R. DAVIS, Plaintiff–Appellant,

v.

COLORADO REAL ESTATE COMMIS-SION, Defendant–Appellee.

No. 89CA0188.

Colorado Court of Appeals, Div. III.

March 22, 1990.

Rehearing Denied April 26, 1990.

Certiorari Denied Aug. 13, 1990.

Steven A. Gall, P.C., Steven A. Gall, Hot Sulphur Springs, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Nancy A. Hopf, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiff, Ronald R. Davis, appeals the district court order that denied his application for payment from the Colorado real estate recovery fund. We affirm.

In January 1980, Gene and Lyle Darrah, licensed real estate brokers, acted as agents in the sale of property owned by Ron Davis. Both Davis and the Darrahs were involved in financing the sale because the purchaser had insufficient cash. Thus, Davis assigned his interest in the contract of sale to the Darrahs in return for cash and a promissory note signed by the Darrahs.

When this note became due, the Darrahs failed to make payment. After collection efforts failed, Davis commenced an action against the Darrahs in June 1983. In settlement of that litigation, the Darrahs agreed to have judgment entered against them in the amount of $95,000.

Davis pursued post-judgment remedies against the Darrahs, but was unsuccessful in these efforts. On November 19, 1987, the Darrahs filed petitions in bankruptcy with the federal bankruptcy court. That court determined that the bankruptcy estate of each had no assets, and in March 1988, each was discharged by that court.

On October 14, 1987, prior to the Darrahs' bankruptcies, Davis filed an application with the district court for an order directing payment upon his judgment against the Darrahs from the real estate recovery fund. This is a fund which is designed to provide a source from which a broker's client, who has recovered a judgment against the broker for negligence, fraud, or conversion of trust funds, but has been unable to collect on such judgment, may receive recompense. Section 12–61–302(1), C.R.S. (1989 Cum. Supp.).

As the pertinent recovery fund statute existed prior to its 1987 amendment, it required that an application for payment be made to the court rendering judgment with notice to the Colorado Real Estate Commission (Commission) of that application. At that time, no notice of the court application was required to be given to the broker. Section 12–61–303, C.R.S. (1985 Repl.Vol. 5).

Thereafter, if the court entered an order requiring a payment out of the fund, the Commission was required to initiate administrative proceedings for the revocation of the broker's license. And, it was the Commission that bore the responsibility of providing notice to the broker of these administrative proceedings. Section 12–61–304, C.R.S. (1985 Repl.Vol. 5).

However, the amendments to this statute, which became effective on July 1, 1987, resulted in combining the hearing upon the judgment creditor's application for recovery from the fund with the hearing upon the revocation of the broker's license. Such a combined hearing now takes place before the court in response to the creditor's application. Section 12–61–303, C.R.S. (1989 Cum.Supp.).

The amended statute provides that, when an application is filed with the court:

"a copy of the verified application and the notice set forth in [12–61–303(2)] shall be served upon the real estate commission, and a copy of the verified application and [such notice] *shall be served upon the judgment debtor.*" Section 12–61–303(2), C.R.S. (1989 Cum.Supp.) (emphasis supplied).

In this case, Davis provided proper notice to the Commission, but no notice was provided to the Darrahs of his application, either by Davis or by the Commission. Because the Darrahs had not been provided with the required statutory notice under the new statute, the trial court dismissed Davis' application.

## I.

Davis first asserts that the 1987 amendments cannot be applied to his application because his suit against the Darrahs was instituted before the effective date of those amendments, thereby vesting in him the right to proceed under the previous statute. We disagree.

New *procedures* designed to enforce previously vested rights may be applied retroactively, so long as the legislative intent to do so is made evident by the legislation establishing those procedures. *See Hoen v. District Court*, 159 Colo. 451, 412 P.2d 428 (1966) (long-arm statute changing method of service may be applied to enforce previously vested claim for relief based on tort).

Here, the language of the statutory amendments specifically provides that they are to be applied "to any recovery fund application filed" on or after July 1, 1987. Colo. Sess. Laws 1987, ch. 94, at 538.

Thus, because Davis' application for recovery was filed after that date, the trial court properly concluded that it was the procedure established by the 1987 amendments that governed the rights and obligations of the parties.

## II.

Davis further asserts that, even if it is the new statute that applies, the obligation to serve the Darrahs is placed upon the Commission, and not upon him, by the terms of that statute. We disagree.

Prior to the amendment to the statute, the judgment creditor was required to make the Commission a party to the court proceedings and to give it notice of the application. Section 12–61–302, C.R.S. (1985 Repl.Vol. 5). It was only if the court granted the creditor's application and ordered a payment out of the recovery fund that the Commission was required to schedule an administrative hearing and to give the broker notice of that hearing.

However, the amended statute requires an "automatic" revocation of the broker's license if the court enters an order of payment. Section 12–61–306, C.R.S. (1989 Cum.Supp.). And, the broker is given the right to appear in the court proceedings and to defend against the application for payment by all appropriate means. Section 12–61–305, C.R.S. (1989 Cum.Supp.). Thus, the broker is now a party to the application proceedings whose interests are opposed to the interests of the judgment creditor.

Given this circumstance, we are convinced that the new statute intended that all appropriate notices of the court proceedings be given by the judgment creditor, not by the Commission.

## III.

Finally, Davis asserts that, because the Darrahs filed a bankruptcy petition, the automatic stay provisions of 11 U.S.C. § 362 (1982) prohibited him from giving the Darrahs notice of the filing of his application. This argument lacks merit.

Even if we assume that the exception to the automatic stay provisions for "proceedings by a governmental unit to enforce [its]

... police or regulatory power," 11 U.S.C. § 362(b)(4) (1982), does not apply in this case, the automatic stay did not prevent service on the Darrahs. Davis had ample time to serve them both before and after the automatic stay was effective.

Davis filed his application on October 14, 1987. Yet, the automatic stay did not become effective until November 19, 1987, when the Darrahs' bankruptcy petitions were filed. *See* 11 U.S.C. § 362(c)(2) (1987 Supp.). Therefore, Davis had over a month prior to the effective date of the stay within which to serve them with notice of the court hearing.

In addition, the automatic stay terminated when the Darrahs were discharged in March 1988. *See* 11 U.S.C. § 362(c)(2) (1987 Supp.). Thus, Davis had nearly nine months after their discharge to serve the Darrahs before the application hearing commenced on December 19, 1988. Davis was, therefore, not prevented from making timely service upon the Darrahs because of their bankruptcy proceedings.

Order affirmed.

TURSI and METZGER, JJ., concur.